309 So.2d 833

**Betty A. CALDWELL**

v.

**James H. CALDWELL.**

**Civ. 442.**

Court of Civil Appeals of Alabama.

March 12, 1975.

Tarter & Winninger, Birmingham, for appellant.

Walter J. Knabe, Montgomery, for appellee.

WRIGHT, Presiding Judge.

A decree granting a divorce, alimony in gross and division of real and personal property was entered between the parties in the Circuit Court of Montgomery County, Alabama. The action was brought by Betty A. Caldwell. She appeals from that part of the decree awarding alimony and making division of property.

The parties married on August 1, 1969, and lived as man and wife until November 15, 1973. Each had been previously married and each had three children. No children were born of their marriage to one another.

At the time of the marriage, Mrs. Caldwell was employed and living in Columbus, Georgia. Mr. Caldwell was residing in Phenix City, Alabama, and held the office of circuit judge. Mrs. Caldwell owned her house and resided therein with her children and her mother. Judge Caldwell lived in an apartment and paid support and alimony to his former wife and children.

Shortly after the marriage the parties built a home in Phenix City on a lot purchased by Judge Caldwell prior to the marriage. Title to the house and lot was placed in the joint names of the parties with right of survivorship. The parties, together with Mrs. Caldwell's mother and children moved into the new home. In May of 1972, the home of Mrs. Caldwell in Columbus was sold. Her equity therein was $8,000.00. From the equity she purchased a Certificate of Deposit for $4,000.-00, and thereafter used the remainder in various ways including the purchase of some furnishings for the home. Monthly payments on the home of $309.00, together with living expenses were made by Judge Caldwell.

Mrs. Caldwell worked throughout the marriage and kept a separate bank account. In 1971, she went into her own business with the aid of her husband and ultimately lost nearly $1,000.00. At the time of the divorce, Mrs. Caldwell was employed and earning $650.00 per month.

Since the separation on November 15, 1973, Mrs. Caldwell, with a child and her mother, have continued to live in the home. Judge Caldwell has maintained the payments on the home and paid $290.00 per month to Mrs. Caldwell as support. Judge

Caldwell at the time of the hearing in this case was earning approximately $22,000.00 per year. Mrs. Caldwell owns a 1972 automobile and Judge Caldwell a 1967 automobile. The testimony was that there was an equity of $16,000.00 to $19,000.00 in the home, with a $33,000.00 mortgage.

After hearing the evidence ore tenus the court entered a final decree on July 9, 1974. Motion to amend or vacate the decree and in the alternative, to grant a new trial was filed by Mrs. Caldwell and denied by the court on August 19, 1974.

On appeal, Mrs. Caldwell charges that the decree is not supported by the weight of the evidence, and that the court erred in failing to award periodic alimony, real and personal property to her. She further complains that the decree is vague, indefinite and uncertain as to what was granted to her.

We have said many times that a decree rendered after hearing the evidence ore tenue has the standing of a jury verdict and upon appeal is presumed to be correct. Shell v. Shell, 48 Ala.App. 668, 267 So.2d 461; Northcutt v. Northcutt, 45 Ala.App. 646, 235 So.2d 896. We have further said that if the decree is supported by legal evidence and is not determined upon review to be unjust or palpably wrong, it will not be disturbed. Fultz v. Fultz, 47 Ala.App. 502, 257 So.2d 362; Baggett v. Baggett, 47 Ala.App. 539, 258 So.2d 735.

The material portions of the decree complained of by appellant relate to division of the real property and failure to grant periodic alimony.

The decree directed the sale of the home and the division of the net proceeds or equity equally between the parties. Judge Caldwell was directed to maintain the mortgage payments until a sale or through August, 1974. Mrs. Caldwell was given the right of occupancy until a sale. The home is all the real property owned by the parties separately or jointly. Assuming the correctness of the stated market value of the home and the balance due on the mortgage, each should receive $8,000.00 to $9,500.00 before expenses from the sale. Mrs. Caldwell has lived in the home with her mother and children since Judge Caldwell moved out in November, 1973. He has made all payments on the mortgage since the home was built up to the decree. The testimony does not indicate Mrs. Caldwell invested any of her earnings toward payment for the house. All furnishings except for minor personal items owned by the Judge prior to the marriage were given by the decree to Mrs. Caldwell.

Division of property, after consideration of equities and contribution by the parties is a matter for the discretion of the court. The exercise of such discretion will not be disturbed on appeal except upon showing of palpable abuse. Hallman v. Hallman, 51 Ala.App. 460, 286 So.2d 863; Allen v. Allen, 49 Ala.App. 200, 269 So.2d 914. We find no abuse of discretion in the division of property by the decree.

Neither do we find any abuse of discretion in the failure of the court to award periodic alimony to appellant. The determination of such an award is a matter within the discretion of the court. Title 34, Section 31, Code of Alabama, 1940. There is no fixed rule, but it is dependent upon relevant factors considered in light of what is just and reasonable under the facts of the case. Davis v. Davis, 274 Ala. 277, 147 So.2d 828; Frazier v. Frazier, 273 Ala. 53, 134 So.2d 205. Appellant came into the marriage with equity in a home of $8,000.00, some furniture and a 1965 station wagon. She has lived with her mother and children in a $50,000.00 home for some five years. She has invested no money in the home but she and her dependants have been supported, at least in substantial part, by her husband. She departs the marriage of four years, after denial of conjugal relations to her husband for a long period of time, with at least an $8,000.00 equity in the home, a 1972 model automobile, $4,000.00 in a Certificate of

Deposit, several hundred dollars in a savings account, an unknown sum in a checking account, furnishings for a four bedroom house, $600.00 in gross alimony, and an income of $650.00 per month.

In view of the evidence, there was no abuse of discretion by the court in failing to grant periodic alimony.

Appellant's contention that the decree is vague and uncertain is not sufficient for reversal. We find no uncertainty in the decree, but merely an effort by the court to provide for contingencies which might arise in relation to the sale of the real estate. The court specifically reserved control over the sale and disposition of the proceeds therefrom.

Finding no error in the decree, this court affirms.

Affirmed.

BRADLEY and HOLMES, JJ., concur.