This is a divorce case.
The husband appeals from that portion of the divorce decree ordering the parties to sell a farm and equally divide the proceeds therefrom. We affirm.
The record reveals the following:
The parties were married in January of 1974. The marriage was the second marriage for both parties. The prior marriage of each of the parties had been long and had been terminated by the death of a spouse.
At the time of their marriage, the parties moved into the home of the husband where he and his first wife had resided. The parties lived there for approximately seven months to one year, at which time the husband sold the residence.
The parties then moved into a home where the wife and her first husband had lived. In addition to this home, the wife, at the time of the parties' marriage, also possessed $59,000 in church bonds and a certificate of deposit. These investments yielded $3,300 annual income. She also owned two homes for which she received monthly mortgage payments of $72 and $76.
When they moved from the husband's prior residence, he sold the dwelling. He gave one-half of the proceeds from this sale to his children and used the remaining $16,500 to purchase a farm. Thereafter, he had title to the farm placed in the name of himself and his wife, appellee herein.
The parties separated after living together for two years and seven months. At the time of the separation, the husband removed the majority of the household items which he had purchased during the marriage from the house. Additionally, he had his wife's name removed from two of the joint savings accounts. The value of these accounts was $13,000.
The wife was not employed during the marriage. The husband has been employed by Republic Steel Company for approximately 20 years. His expected income for the year in which the divorce was granted was $24,000.
On November 24, 1976, the trial court granted the plaintiff husband's request for a divorce. The decree stated that the parties were the joint owners of the farm and provided as follows:
 "The parties are allowed sixty (60) days during which time they may sell the described property or otherwise dispose of the said property, and divide the proceeds therefrom equally between the parties. At the expiration of sixty (60) days from the date of this decree, if the parties have not been able to divide the property or the proceeds therefrom, then the Clerk of this Court is directed to sell the same at public auction, . . ."
From a denial of his motion for a rehearing, the husband filed this appeal.
The husband contends statements by the trial court indicate it made the division herein complained of because of its mistaken belief that to require the wife to transfer her interest to the husband would constitute a violation of the principle which prohibits courts from awarding alimony to the husband in the absence of a statute *Page 804 
authorizing such an award. Put another way, he states the trial court required the farm to be disposed of and the proceeds divided because of its erroneous notion that the law prohibited a transfer of the wife's interest to the husband. The record fails to support this contention.
Moreover, the division of property is supported by the evidence. The husband was allowed to retain $13,000 from the joint savings account, a pickup truck, and the major portion of the personal property which he had purchased for the home. Furthermore, there is some evidence that the wife expended portions of her funds to support herself, the husband's children, and the husband.
The division of property does not have to be equal but must be graduated to the nature of the case. Dickson v. Dickson,57 Ala. App. 732, 331 So.2d 740 (1976); Crane v. Crane, 57 Ala. App. 685, 331 So.2d 699 (1976). We have examined the cases cited by able counsel for the husband and do not find this case to be within the category of cases wherein the trial court has crippled the husband by compelling a sacrifice of his property where the wife possessed an ample separate estate. See Sides v.Sides, 284 Ala. 39, 221 So.2d 677 (1969); Leo v. Leo, 280 Ala. 9, 189 So.2d 558 (1966). We find the instant case to be similar to Caylor v. Caylor, Ala.Civ.App., 344 So.2d 173 (1977), wherein this court affirmed an award to the wife even though the parties had only been married for a short duration.
A division of property lies within the sound discretion of the trial court and will not be reversed on appeal absent a showing of a plain and palpable abuse of discretion. Searcy v.Searcy, Ala.Civ.App., 340 So.2d 1134 (1976); Conwell v.Conwell, 56 Ala. App. 188, 320 So.2d 694 (1975). No such abuse of discretion is here shown. For this court to reverse in this instance we would have to substitute our judgment for that of the trial court. This the law of Alabama does not permit.Sutton v. Sutton, 55 Ala. App. 254, 314 So.2d 707 (1975).
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.