This is a divorce case.
After an ore tenus hearing, the trial court awarded the home of the parties, along with the furnishings therein, to the wife. The husband appeals and contends that the trial court committed reversible error in awarding the home to the wife.[1]
We disagree and affirm.
Viewing the record before this court with the attendant presumptions accorded the trial court, the following pertinent facts are revealed.
The parties were married in 1955. Three children were born of the union, one of which is deceased. The ages of the remaining children are 12 and 20. Sometime after the marriage, the parties moved into a home which they had constructed. There is considerable testimony that the wife's father contributed substantial time and money toward the construction of the home. During the last six years, the wife has made most of the house payments and provided most of the funds for the upkeep of the house. Put another way, the wife has been in large measure the "breadwinner" in the family and has contributed the bulk of the family's support. The record reveals the husband is employed as a school bus driver and that he sells vegetables from a stand for approximately six weeks in the summer.
The trial court awarded the wife custody of the minor child and ordered the husband to pay $100 per month for child support. The wife was also awarded the home of the parties along with the furnishings therein. We note that the wife is to assume and pay, as her individual debt, any indebtedness owing upon the real estate or personal property. The husband, who had removed all of his personal belongings from the house prior to the divorce proceeding, was allowed to keep his 1977 pickup truck.
It is virtually conceded that the home was the only asset of the parties. The value of the home is approximately $50,000. As noted above, the husband contends that the trial court abused its discretion in awarding to the wife virtually the entire assets of the parties.
At the outset, we note that in this case, as in all cases where the judgment or decree is entered by the trial court after the hearing of testimony ore tenus, such judgment or decree is presumed correct. This *Page 1386 
judgment or decree will be reversed on appeal only if, after consideration of all the evidence and all reasonable inferences to be drawn therefrom, we conclude that it is plainly and palpably wrong. See Townsend v. Townsend, Ala.Civ.App.,337 So.2d 4 (1976).
We also note that if a division of property in a case of this nature is made by the trial court, such division does not require an equal division of the estate, but one graduated according to the nature of the case. See Eubanks v. Eubanks,52 Ala. App. 224, 291 So.2d 159 (1974).
In this instance, the learned trial judge is not plainly and palpably wrong. The fact that the parties only had one asset,i.e., the homeplace, and this asset was awarded to the wife, does not require or suggest reversal. This is particularly true in consideration of the fact that the wife has been given custody of the minor child. See Ayers v. Ayers, Ala.Civ.App.,352 So.2d 459 (1977); Eubanks v. Eubanks, supra.
The wife has requested of this court that an award of an attorney's fee be made to her attorney on appeal. In view of the above, to wit, the husband's limited income, this request is denied.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] This is the only issue raised and argued in brief by the husband.