WRIGHT, Presiding Judge.
This is a divorce case. The husband appeals from the trial court’s property division and award of alimony. We affirm.
This is the second divorce between the parties. They were first married in 1962 and divorced in 1975. They remarried in August of 1976. The wife left the marital residence in September of 1977 and filed for divorce. After oral hearing the trial court granted the parties a divorce on the ground of incompatibility.
The husband was awarded a 1972 Ford pick-up truck, one of the parties’ two house trailers, a farm tractor, savings of approximately $1,300, five and one-half acres of land in D^le County, twenty-five acres of land inherited from his father in Marshall County, and his personal belongings.
The wife received the parties’ other automobile, a 1972 Buick, the other house trailer, savings in the amount of $11,000, and her personal property. She was granted $100 in monthly periodic alimony and $385 in attorney fees.
The wife testified the husband tended to drunkenness and was abusive and violent in his behavior toward her. A physician testified that he had treated the wife around September of 1977 for an injury to her scalp. This injury resulted when the husband hit the wife with a whiskey bottle, according to her testimony. The husband stated that the wife would leave their home inexplicably and stay gone for long periods of time.
The husband has been employed with Northrup at Fort Rucker for thirteen and one-half years. He is a helicopter mechanic making $6.50 an hour. The wife is fifty-four years old. She has little formal education and no job skills. Her only income is $75 per week that she earns for living with and taking care of a ninety-three-year-old lady. The wife testified that when this elderly lady dies, she would be left with no income at all.
The husband contends the trial court erred by awarding the wife over one-half of the parties’ jointly-owned property and periodic alimony of $100 a month.
It is the rule that we review a judgment entered by a trial court after oral hearing with a presumption of correctness. Weed v. Weed, 358 So.2d 459 (Ala.Civ.App. 1978).
Division of property is a matter for the discretion of the trial court not to be disturbed on appeal except upon a showing of palpable abuse. Caldwell v. Caldwell, 54 Ala.App. 479, 309 So.2d 833 (1975). The division does not have to be equal but is graduated according to the nature of the case. Cobb v. Cobb, 352 So.2d 1384 (Ala. Civ.App.1977). The husband contends that he should have been awarded some of the $11,000 savings from the First National Bank of Dothan. However, the evidence shows that the savings represent proceeds that the wife was given after the first divorce decree which she subsequently placed back into joint ownership after the parties’ remarriage.
In considering an award of alimony, factors such as the future prospects of the parties, their ages, sex, health and station in life, length of marriage, and conduct of the parties, are all relevant. Phillips v. Phillips, 49 Ala.App. 514, 274 So.2d 71 (1973). Since such award of alimony is largely discretionary with the trial court, we find no palpable error or abuse of discretion in the trial court’s award of periodic alimony that should result in reversal. Jernigan v. Jernigan, 344 So.2d 778 (Ala.Civ. App.1977).
The decree below is affirmed, and the wife is granted a $300 attorney fee for the purpose of this appeal.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.