This is a divorce case. The wife appeals from the trial court's division of property. We affirm.
The parties were married on December 31, 1975, and separated in May of 1978. At the time of marriage, the husband was fifty-eight years old and the wife forty-two. When the parties married they first lived in a home in which the husband retained a one-half interest with a former wife. That *Page 55 
home was sold in June 1977. The husband invested his share of the proceeds from the sale in the purchase of a mobile home located on a one-acre plot. Later, husband and wife purchased, as joint tenants, an adjoining forty-seven acre tract. The husband has made mortgage payments on the property throughout the parties' marriage in the amount of $222.37 monthly.
The wife testified that she brought a sewing machine, den suite, desk, and television to the marriage. The parties' remaining furniture came from the husband. The wife also owned a 1972 Gran Torino automobile given to her by the husband before their marriage.
The evidence indicates that the husband provided the parties' primary support during their brief marriage with the wife cashing the husband's checks and managing all the money.
After oral hearing, the trial court granted a divorce on the ground of incompatibility. The wife was given $1,500 in lieu of a division of common property. She was also given the personal property that she brought into the marriage. The husband was awarded all other personal property and the real property purchased during the marriage.
The rule is well established that we review a judgment by a trial court in divorce cases with a presumption of correctness where that court has heard the testimony and viewed the witnesses. Weed v. Weed, 358 So.2d 459 (Ala.Civ.App. 1978). The division of property, after consideration of equities and contribution by the parties, is a matter for the discretion of the trial court, and will not be disturbed on appeal except upon a showing of palpable abuse. Caldwell v. Caldwell,54 Ala. App. 479, 309 So.2d 833 (1975).
The trial court stated from the bench that it was going to design a decree so that neither party would be enriched or impoverished by a marriage of such short duration involving people of such a mature age. We find no abuse of discretion in the judgment. It is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.