EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case whereby the only appellate issue raised by the defendant husband concerns whether the trial judge abused his discretion in a division of property between the parties.
We will summarize only tendencies of the evidence, giving due consideration to the presumptions applying to a judgment rendered by a trial judge after personally presiding over a non-jury evidentiary trial.
The parties married on December 24, 1969, the wife then being twenty-nine and the husband being thirty years óf age. It was the first marriage for each party. They had one child, a daughter, who was three years of age at the time of the trial. Custody of their daughter was awarded to the mother.
The wife earned an excellent salary during the entire marriage except for approximately one year after the birth of the girl. The husband was employed as a registered pharmacist for two and one-half years and the balance of his time during the marriage was expended in farming chores and improvement, and livestock management and operations for the parties and for his parents.
In March 1972 the parties purchased a 320-acre farm and some farming equipment for a total of about $81,000. A joint deed with right of survivorship was executed to them. As to the down payment of $30,000, the husband paid $20,000 and the wife $10,000. Since then, according to the wife’s records, the following contributions were made by the respective parties toward family living expenses, purchase of the farm and farm expenses: $88,542.12 by the wife and $36,319.21 by the husband. From July 1974 until July 1979, it was the plaintiff’s evidence that she contributed $31,289 (99.5%) as compared to $156 (.5%) from the husband to their joint farm bank account. During that five-year period, deposits to their joint personal account were $26,782 (99%) by her and $296 (1%) by him. Including interest, they owed around $17,000 upon the farm at trial time. The entire farm had been appraised at $158,000. They had expended over $25,000 for farm improvements.
The wife owned a 1977 Chevrolet automobile with an indebtedness of $2,000 against it due to her father. They owned a John Deere tractor, along with two others, and owed the wife’s father $8,900 upon the John Deere. Much farming equipment was depreciated on their joint federal income tax returns.
In the divorce judgment, the circuit judge divided the property after a prolonged trial before him. Generally, the plaintiff was granted all household effects and furniture, her 1977 Chevrolet and the John Deere tractor (with the plaintiff to pay her father for the debts against them), 160 acres of land upon which was situated the home of the parties, and one-half of all farm ma *849 chinery and equipment depreciated on the 1978 federal income tax return of the parties. The defendant was expressly granted the other half of such farm machinery and 160 acres of land. Each party was required to pay one-half of the existing farm mortgage indebtedness.
A division of property in a divorce case need not be equal but our law requires a graduated division according to the nature of the ease. Bouler v. Bouler, 366 So.2d 290 (Ala.Civ.App.1979); Lindsey v. Lindsey, 361 So.2d 601 (Ala.Civ.App.1978); Cobb v. Cobb, 352 So.2d 1384 (Ala.Civ.App.1977); Shirley v. Shirley, 350 So.2d 1041 (Ala.Civ.App.1977); Nix v. Nix, 348 So.2d 802 (Ala.Civ.App.1977).
When a trial judge hears the evidence ore tenus, his decision is presumed to be correct upon appeal and will not be disturbed if the judgment is supported by legal evidence unless it is unjust or palpably wrong. Cobb v. Cobb, supra; Shirley v. Shirley, supra; Nix v. Nix, supra. In Caldwell v. Caldwell, 54 Ala.App. 479, 309 So.2d 833, 835 (1975), the following especially applicable language appears:
Division of property, after consideration of equities and contribution by the parties is a matter for the discretion of the court. The exercise of such discretion will not be disturbed on appeal except upon showing of palpable abuse. (Citations omitted.)
We have conscientiously reviewed all of the evidence and it is obvious that the decision of the trial judge was supported thereby. The division of property was not unjust nor palpably wrong; but, to the contrary, the judgment of the circuit court was most equitable toward the husband; especially if the contributions of the respective parties toward the purchase of the farm, farm improvements and family expenses are considered and compared; especially since the trial court did not disturb the ownership or interest, if any, of the husband in much livestock; and especially when consideration is given to the extreme vagueness and absolute evasiveness of the defendant and his mother during examination by the plaintiff’s attorney, which could definitely affect the weight, if any, to be given to their entire testimony by a trial court. The circuit judge certainly did not abuse his discretion in the property divisions.
We affirm.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama (1975). His opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.