This is a divorce case.
After a trial before the court, the parties were divorced with the custody of the two minor children being divided between the parents. The husband was awarded custody of Cindy, and Billy's care and control went to the wife. The plaintiff (appellant, father, husband) was ordered to maintain hospitalization insurance upon the minor children, to be responsible for all of their major medical expenses, and to keep a life policy during their minority, with the minor children being its beneficiaries. The possession of the jointly owned home was granted to the wife until such time as Billy reached nineteen years or she remarries, at which time the home shall be sold and the equity divided, with the husband, in the meantime, to make the $200 per month house mortgage payments, the mortgage balance presently being around $29,000. Each party was awarded the particular vehicle which they were then driving. The husband was directed to pay all of the joint bills and debts incurred during the marriage; however, there was no evidence that any such indebtedness existed. The wife was awarded $14,000 as alimony in gross, with $4,000 thereof to be paid within thirty days and the balance to be paid at the rate of $200 per month; and, in addition, the plaintiff was ordered to pay the defendant $400 each month as child support and periodic alimony and to be responsible for Billy's educational expense up to the amount of $1,750 per year. The wife was further awarded savings bonds with a face value of $900 and the proceeds in a savings investment account of $10,000. The plaintiff was directed to pay a $500 fee to his wife's attorneys.
The husband appeals and contends that "the trial court abused its discretion in its property distribution and awards of alimony and child support in favor of the wife."
The parties were married for twenty years. They separated in February 1979. The husband was employed as a professional engineer and enjoyed ten years seniority. His employer provides an employee retirement plan. The annual gross salary of the plaintiff was $38,100; with his net monthly salary being $1,938, plus an additional $170, which was available to him but which was voluntarily withheld from his earnings for savings bonds and savings investments. His testimony indicated that his personal expenses totaled $692 per month, excluding expenses for the minor children and house mortgage payments. We doubt, however, that such amount is fully inclusive or accurate, for we do not have the benefit of his financial statement which was before the trial court, but which was not introduced nor marked as an exhibit. Some of the tendencies of the evidence were that the *Page 1162 
plaintiff was very frugal with regard to expenditures on behalf of, or allowances to, his family, particularly to his wife.
Cindy, the seventeen year old daughter, attends a junior college in California. He sends to her $167 per month for her room and board. A nineteen year old daughter resides with him and attends Springhill College. Billy, who was eleven years of age, lives with the defendant.
The defendant has had almost two years of college. She is thirty-eight years of age. While she has not been employed since 1977, she is presently able to work.
The jointly owned home was worth approximately $56,000. The plaintiff had a savings account of $4,000, the savings investment plan of $10,000, the $900 in savings bond and he possessed a recreational vehicle. The defendant's savings account consisted of $1,000, which was inherited from her grandfather. The automobile of each party undoubtedly will need to be replaced shortly.
Not counting the travel trailer and his automobile, the husband's net worth was $33,400, consisting of his one-half equity in the home, the savings account, the investment account and savings bonds. As alimony in gross or as a division of property, he was ordered to presently pay a total of $14,900, consisting of $4,000 as alimony in gross, the investment account and savings bonds.
The husband's monthly payments to the defendant, or on her behalf, or on behalf of Billy, total $846, constituted by the following:
(1) $400 — child support and periodic alimony,
(2) $200 — alimony in gross,
(3) $146 — average education expense for Billy,
 (4) $100 — one-half of monthly house mortgage payment.
That portion of item (1) which is child support, and all of item (3), will legally terminate, at the latest, when Billy reaches nineteen years of age. Item (2) will cease after fifty monthly payments, and item (4) will not continue after the house is sold.
These awards allow an adequate, ample and reasonable length of time and opportunity for the defendant to make economic and life style adjustments, such as the renewing of her education, if she so desires, and the obtaining of suitable permanent employment. However, the alimony diminishes with time so as to possibly prevent unnecessary lifetime economic dependence solely upon an ex spouse. The amounts of the awards and their total scheme are not unreasonable.
In divorce cases, the division of the property of the parties need not be equal, but a division is required according to the nature of the case. Cobb v. Cobb, Ala.Civ.App., 352 So.2d 1384
(1977); Shirley v. Shirley, Ala.Civ.App., 350 So.2d 1041, writquashed, 350 So.2d 1045 (1977), appeal after remand,361 So.2d 590 (1978); Nix v. Nix, Ala.Civ.App., 348 So.2d 802 (1977). Each of those cases also echoes the basic premise that, when a trial judge personally conducts the trial, his judgment is presumed to be correct upon appeal and will not be altered, if it is supported by legal evidence, unless it is unjust or palpably wrong. The division of property, the award of alimony and the amount of child support are interrelated, and, of necessity, are matters within the sound discretion of the trial judge. We do not find the judgment of the circuit court to be palpably wrong. There was no abuse of judicial discretion.
We affirm.
The wife has requested of this court that an award of an attorney's fee be made to her attorney on appeal. This request is granted. The appellant shall pay to the attorneys of record for the appellee the sum of $500 to be applied upon their fee in this case in this court.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of the Alabama of 1975. His opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 1163