WRIGHT, Presiding Judge.
This is a divorce case.
The trial court, having heard the evidence ore tenus, granted a divorce on the ground of incompatibility and divided the real and personal property of the parties. The wife appeals. We affirm.
The first issue raised by appellant is whether the trial court erred in granting a divorce on the ground of incompatibility. The evidence, as it pertains to the relationship of the parties, reveals the following:
The husband and wife in this case had been married for some twenty years when they separated on January 10, 1978. The husband testified that for three or four months prior to the separation there had been constant quarreling, that it had gotten to the point where the parties couldn’t live together because of “fussing and fighting and carrying on,” that his wife “accused me of about everything,” and that both he and his wife were unhappy. The wife testified that about three months before the separation her husband started staying out at night and never ate any meals at home. She did not refute the husband’s testimony as to fusses and quarreling in leading to the separation.
The evidence further shows that the parties had not lived together for a period in excess of two years. There had been almost no communication between them. The wife invited the husband to eat with the family on holidays but he refused in order “to avoid arguments and things.” She tried to talk with him four times at his place of employment and each time “he just would turn me flat down.” All efforts at reconciliation had failed.
Incompatibility refers to conflicts in personalities and dispositions so deep as to be irreconcilable and to render its impossible for the parties to continue a normal marital relationship with each other. It is a fact of the existence of the state or condition of incompatibility that is to be determined. For the purpose of finding that fact, fault is not material. Dyal v. Dyal, 54 Ala.App. 206, 307 So.2d 17 (1975); Phillips *24 v. Phillips, 49 Ala.App. 514, 274 So.2d 71, cert. denied, 290 Ala. 370, 274 So.2d 80 (1973). The court found the parties incompatible and unsuited for each other. We find no basis in the evidence for reversal of that determination. Self v. Self, 49 Ala. App. 665, 275 So.2d 345 (1973).
The remaining issue is whether the trial court fairly and equitably divided the real and personal property of the parties.
The wife worked from the beginning of the marriage, earning money that went into the mortgage payments, into the education and rearing of the children and into the general expenses of the parties. The record shows that the wife and the husband each own and operate their own business, the wife being part owner of a hairstyling salon and the husband owner of an auto repair garage. The wife’s earnings appear to be at least as much as those of the husband.
The judgment directs the sale of the residence at a future date with the husband to make the mortgage payments until the sale. It also provides for the sale of recreational property owned jointly by the parties. The proceeds from the sale of these parcels are to be divided equally between husband and wife. Each party is allowed to keep the few persona] possessions which he or she owns. The real estate that the husband inherited prior to marriage which was not “used regularly for the common benefit of the parties during their marriage” properly remains the property of the husband. § 30-2-51, Code of Alabama (1975). The net effect of the judgment is to divide the property of the marriage equally between the parties.
Judgment rendered after hearing ore tenus has the standing of a jury verdict and upon appeal is presumed to be correct. 2A Ala.Dig., Appeal and Error, Key No. 931(1). The division of property, after consideration of equities and contribution by the parties is a matter for the discretion of the court. The exercise of such discretion will not be disturbed on appeal except upon showing of palpable abuse. Caldwell v. Caldwell, 54 Ala.App. 479, 309 So.2d 833 (1975). It appears that each party is self-sustaining. It likewise appears that the trial court fairly and equitably divided the property of the parties. We find no abuse of discretion in the division of property. Neither is there error in the finding of incompatibility. The judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.