This is a divorce case.
The Circuit Court of Shelby County divorced the parties, made an award of support for the wife and child and divided the property of the parties. The wife appeals. The primary issue is whether the trial judge abused his discretion in the award of support for the wife and child. We find no abuse and affirm.
The facts pertinent to our review reveal the following:
The parties were married in 1961 and moved into a small house in Shelby, Alabama. A child was born to the couple in 1963. For the first several years of the marriage the husband earned a modest income while diligently working his way up in the bank where he was employed. The wife has not worked but has, throughout the marriage, performed normal household duties and cared for the child. The parties saved a substantial portion of the husband's income during the first twelve years of the marriage and in 1973, the husband having been promoted to vice president of the bank, they built their "dream house" in Columbiana. The husband has since been made president of the bank. He enjoyed a $75,000 income in the year preceding the divorce, a large part of which was a bonus awarded on the basis of his performance as president.
While the husband devoted a great deal of his time and talents to the business, the wife showed little, if any, interest in his work. Instead, shortly after the parties moved into their new home in 1973, the wife apparently went on a buying binge.
There was considerable evidence produced at trial regarding the wife's spending habits and her attitude toward the husband's concern over those habits. No useful purpose would be gained by repeating that evidence in detail here. We only say that after reviewing the trial record and the many exhibits, it is apparent that the wife, after the husband became successful at the bank, developed a propensity to spend excessive sums of money for things for which she or her family had little if any use. Upon remonstrance, even pleas, by the husband that she curb her spending, her response was that it was his problem. Her refusal to control her propensity apparently precipitated the separation. Her deficit and credit spending was an embarrassment to the husband and an affront to his position as a fiscally responsible president of the local bank. His mental and physical health were adversely affected. Divorce was granted the husband on the ground of incompatibility.
In addressing the main issue, we begin with the well-known rule that we review judgments entered by the trial court after oral hearing with the presumption of correctness. Miller v.Miller, 373 So.2d 1098 (Ala.Civ.App. 1979). The trial court's determination of alimony, division of property and amount of child support are within the sound discretion of that court and such discretion will not be reversed except for palpable abuse. 8 Ala.Dig., Divorce, Key No. 235.
The trial court found the net assets of the parties to total approximately $300,000. Without detailing the aspects of the property settlement, it is evident that the wife's share is somewhat more than one-third and slightly less than one-half the total assets. The largest single item was the award of one-half the proceeds from the sale of the parties' jointly-owned $165,000 home.
In addition to the division of assets of the marriage, the court awarded, as "alimony and money settlement," $82,500 to the wife to be paid in one hundred fifty monthly installments, $750 per month for the first thirty months and $500 per month for the *Page 126 
remaining one hundred twenty months. The husband is required to purchase a reducing-term policy of life insurance on his life, with the wife as irrevocable beneficiary, in sufficient amount to cover this award. Although not mentioned in the decree, we assume the husband will continue to pay the mortgage on the home, in addition to his obligation to pay utilities, until the time of sale.
Support for the seventeen-year-old child included $200 per month until the age of nineteen. The wife is to be made trustee for the son of a $6,000 savings account to which the husband must deposit $100 per month until the son is nineteen. Such account is to be used exclusively for the child's education expenses or will be paid to him outright if he seeks no further education after high school. The husband also is to provide health and major medical insurance for the child until he becomes nineteen years of age.
Having set forth the basic support provisions, we see little need to extend our discussion much further.
The wife contends the award of "alimony and money settlement" is alimony in gross and that she is entitled to an additional award of periodic alimony. On the other hand, the husband submits that such an award made after a division of marital assets and payable monthly from his future earnings is an award of periodic alimony. It is unnecessary that we interpret the judgment of the trial court and decide whether the award is periodic alimony or alimony in gross. An award of either kind or both kinds is within the discretion of the trial court.[1]Hager v. Hager, 293 Ala. 47, 299 So.2d 743, on remand,53 Ala. App. 740, 299 So.2d 751 (1974). We find no abuse.
Finally, the determination of the amount of child support is also a matter within the sound discretion of the trial court.Dismukes v. Dismukes, 376 So.2d 730 (Ala.Civ.App. 1979). We cannot say that the court manifestly abused its discretion in its award of child support, especially when the payment of the trust account is considered.
The wife's request for attorney's fees on appeal is denied.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] There is clearly basis for argument on each side of the question of whether the $82,500 is legally an award of periodic alimony or alimony in gross. If construction becomes necessary, it should properly come from the trial court.