SCRUGGS, Retired Circuit Judge.
This is a divorce case.
The parties were married in 1947 in Lowndes County and their four children were born in 1947, 1950, 1952 and 1954. The husband was employed by the county in its road maintenance program. He quit that employment in either 1953 or 1954, promptly moved to Montgomery, lived with his sister for the next ten years, and obtained employment there. None of his family moved to Montgomery with him. He left all of their meager possessions, consisting almost exclusively of some furniture, with the wife. They had acquired nothing of substance. They were poor, just barely living. The wife did not work prior to this separation. Their rented house had no inside plumbing, a not unusual circumstance at that time and place.
After the husband had failed to provide for the support of the children for six months following the separation, the wife, through nonsupport proceedings, obtained a court order whereby he was directed to pay $7 per week for the children’s support. The husband and his sister testified that he paid $30 per month as such child support until the youngest child reached eighteen years, while the wife testified that he only paid child support for a total period of two years.
After their separation, he lived his life and the wife lived hers. Two years after he left, the wife gave birth to a child by a man other than the husband. Later, the husband fathered a child by his girl friend.
He is fifty-eight years of age, and is presently employed at a post office as a custodian, his estimated take-home pay being around $500 biweekly. He cannot read. He now lives with his girl friend, and the two of them have been jointly purchasing a home since 1979. He stated that he is paying $200 per month upon the purchase money mortgage. The mortgage debt of $38,-800 is payable at the rate of $384.51 per month. This is the only house that he has ever owned, his interest therein being a joint ownership with his girl friend. There was no inquiry into his living expenses.
After the husband moved to Montgomery, his family was on welfare. Two daughters and a grandchild presently reside with the wife. For taking care of her elderly mother who lives alone, the wife now draws $60 per month from the Department of Pensions and Security, and one of the daughters obtains assistance for her child. Both of those daughters work only part time and they contribute toward living expenses, which were not detailed.
The above summarizes all of the evidence. When both sides had rested, the trial court held that, although alimony had not been sought through the wife’s pleadings, the parties had litigated that matter without objection. In the subsequent judgment, which divorced the parties because of incompatibility of temperment, the trial court further ordered the husband to pay to the wife as periodic alimony the sum of $100 per month; hence this appeal.
The second sentence of rule 54(c), A.R. C.P., is as follows:
Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.
That principle is reiterated and reinforced by the following language from rule 15(b):
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.
*151 The evidence adequately allowed rules 54(c) and 15(b) to be applied by the trial court, which did not err in that respect.
The husband next contends that the trial court abused its discretion in awarding alimony and as to the amount thereof. Those were trial court discretionary matters, and its judgment is presumed to be factually correct upon appeal and cannot be changed by this court unless the judgment is unjust or palpably wrong if it was supported by legal evidence in the ore tenus trial. Keleher v. Keleher, 389 So.2d 1160 (Ala.Civ.App.1980); Cobb v. Cobb, 352 So.2d 1384 (Ala.Civ.App.1977); Nix v. Nix, 348 So.2d 802 (Ala.Civ.App.1977).
From the evidence, the trial court could have reasonably concluded that the husband quit his job and voluntarily abandoned his wife and children. His being forced to provide child support through the nonsupport proceedings would bolster such a finding. We have not been cited to, and by our lengthy independent research have not located, any case which expressly holds that a twenty-seven year separation, without spousal support, alone bars an award of alimony. The time of the separation and lack of assistance in the wife’s maintenance were facts which could be considered by the trial court, but they are not absolutely controlling factors, especially in this case in view of the valid finding which could have been made of her abandonment by the husband.
There was evidence that the wife was being supported through the allowance of $60 per month which she received for caring for her mother and through limited assistance from two daughters, neither of which had a full time job. The work history of the husband was established, his net income exceeding $1,000 per month. He testified that he paid $200 per month on the mortgage, there being no evidence as to how the balance of such monthly payments were made. His other expenses and liabilities were not established and no request was made to the trial court that the husband be permitted to present further or additional evidence on the alimony question when the trial court decided that alimony was an issue which had been tried in the case.
Periodic alimony of $100 per month certainly is not excessive. It constitutes less than one-tenth of the husband’s net monthly income. Her new monthly income will total $160 per month, $100 as alimony and $60 from D.P.S. “The issues presented by the proof were clearly related to alimony and support, though there .was no specific evidence of the requirements of the plaintiff nor the child for alimony and support. We find sufficient inferential evidence to support the award of the court.” Awad v. Awad, 54 Ala.App. 154, 306 So.2d 21 (1975).
The trial court’s award of periodic alimony, and the amount thereof, are both adequately supported by the evidence. No palpable wrong is shown and there was no abuse of discretion. Accordingly, we must and do affirm.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.