This is an appeal from a divorce decree.
The parties were married on February 4, 1966 and divorced on August 25, 1978. They remarried on November 16, 1979. They have no children. Wife filed a complaint against husband on June 18, 1984 seeking a divorce on the ground of irretrievable breakdown of the marriage. She requested an equitable division of property, award of alimony, and reasonable attorney's fees.
The trial court entered a judgment of divorce on November 26, 1984 granting the divorce on the grounds of irretrievable breakdown of the marriage and incompatibility of temperment. Wife was awarded $12,000 alimony in gross and several items of personal property. Husband was awarded the remainder of the couple's assets. Each party was held responsible for the payment of his or her own attorney's fees.
Wife appeals, contending that the trial court abused its discretion regarding its award of alimony in gross, division of property, and its refusal to award wife attorney's fees.
The division of property and award of alimony pursuant to a divorce are matters within the discretion of the trial court and will not be disturbed on appeal except upon a showing of palpable abuse. Miller v. Miller, 373 So.2d 1098
(Ala.Civ.App.), writ quashed, 373 So.2d 1100 (Ala. 1979). Factors to be considered by the trial court in making an equitable division of property and in determining the amount of alimony *Page 1093 
to be awarded include "the earning ability of the parties, future prospects, age, health, duration of the marriage, accustomed standard of living, source, value and type of property and the conduct of the parties as related to the marriage." Morgan v. Morgan, 402 So.2d 984 (Ala.Civ.App.),cert. denied, 402 So.2d 990 (Ala. 1981) (citation omitted).
Except for a brief divorce of fifteen months, the parties have been together for eighteen years. Wife is thirty-four years old. She has been employed at Indian Head Mills for approximately twelve years. She earns $4.34 an hour at her job and this usually results in earnings of about $6,000 to $8,000 a year. However, in 1982 she earned only $3,000 due to layoffs and illness during that year. She has recently been in the hospital due to her abuse of diet pills.
Husband makes $14,000 to $16,000 a year working for the City of Anniston. He also earns $114 a month working for the National Guard. He has a few investments totaling about $10,000. He claimed that most of these investments initially came from money he received prior to the time that the parties remarried.
Husband had been awarded the couple's residence at Arrow Avenue under the terms of the first divorce decree. The wife had been awarded $9,000 alimony in gross under the first decree. After the parties' remarriage in 1979, title to the residence was placed in the name of both parties. Wife testified that after their remarriage she gave husband $4,000 out of the $9,000 alimony award to help him pay off a $10,000 mortgage on the Arrow Avenue house. Husband testified, however, that he paid the entire balance, and that wife made little financial contribution to the house other than furnishing it with furniture worth $800. He claimed that wife had told him when they remarried that she had spent almost all of the money awarded to her under the first divorce decree.
Husband also owns property in Pelham Heights worth $28,000. Husband's first cousin rents this property and husband pays taxes, insurance, and interest thereon. Husband claims that the $10,000 down payment for the Pelham Heights property came from municipal bonds originally purchased in 1978, prior to the parties' remarriage. Husband also had a third piece of property, but it was sold to Alabama Pet Cemetery for a purchase price of $2,800, payable at $75 a month.
Wife alleges that the trial court erred in failing to award her any interest in the real estate and investments mentioned above. She also alleges that the award of alimony is inadequate.
We have stated that division of property in a divorce proceeding does not have to be equal, but should be equitable.Crane v. Crane, 57 Ala. App. 685, 331 So.2d 699 (1976). Further, "[t]he division of property, after consideration of equities and contribution by the parties, is a matter for the discretion of the trial court, and will not be disturbed on appeal except upon a showing of palpable abuse." Kirk v. Kirk, 371 So.2d 54
(Ala.Civ.App. 1979). See also, Caldwell v. Caldwell,54 Ala. App. 479, 309 So.2d 833 (1975). Likewise, an award of alimony in gross is within the discretion of the trial court, and such an award will not be overturned except for a palpable abuse of that discretion. Mitchell v. Mitchell, 351 So.2d 602
(Ala.Civ.App. 1977). And the determination of the amount of such an award must depend on the facts of each case since there is no mathematical formula for deciding what is an appropriate award. Goodman v. Goodman, 366 So.2d 281 (Ala.Civ.App. 1979). The trial court, after hearing the parties' testimony, apparently concluded that wife made little contribution to the parties' finances and marriage. Consequently, we find no abuse of discretion in the court's division of property or in its alimony-in-gross award.
Wife's final contention is that the trial court erred in refusing her request for attorney's fees. We disagree.
The allowance of attorney's fees rests in the trial court's sound discretion *Page 1094 
and will not be reversed absent abuse of that discretion. Westv. West, 437 So.2d 583 (Ala.Civ.App. 1983). Although wife claimed at trial that she was financially unable to pay her attorney, the trial court apparently concluded that wife's earnings plus the alimony award would allow her to pay her attorney. We cannot say that the trial court's assessment of the wife's financial situation is so unreasonable as to require a finding that the trial court's failure to award attorney's fee is erroneous.
The judgment of the trial court is affirmed.
Wife's request for an attorney's fee on appeal is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.