INGRAM, Judge.
Barbara Adams-Clary, appellant, and Carl Alan Clary, appellee, were divorced in October 1986 after a marriage of five years. In the decree of divorce, the husband was awarded certain real property and $5,000.00. The wife appeals the decision of the trial court and contends that the trial court erred in such award. Appellant argues that the award to the husband was contrary to the weight of the evidence and violative of the principles of equity.
The facts reveal that the parties owned jointly the marital residence located at 5728 Oakwild Drive, Montgomery. They also had been part of a lease-purchase agreement in order to acquire a house at 2306 McCarter Street, Montgomery, which was owned by the appellee's parents. There was testimony that the lease-purchase agreement had been discontinued and that the parties here involved were at the time of divorce renting the house and subletting it for profit. The decree of divorce awarded the husband $5,000.00, which was “intended to compensate the Husband for any interest he may have had in the marital real property,” and ordered the husband to convey all of his right, title, or interest in the marital property to the wife. The wife was ordered to execute and deliver a quitclaim deed to the husband, conveying her right, title, and interest which she may have had in the rental property to the husband.
The wife argues that the trial court erred in awarding the husband $5,000.00 to compensate for any interest he had in the marital property because she had made all payments on that property out of her separate account. However, the testimony revealed that the husband turned his income over to the wife in order to pay bills and expenses. It appears that the payments out of her account were the result of a bookkeeping decision. Thus it was within the discretion of the court to award the $5,000.00 to the husband, as matters of alimony and property division are within the sound discretion of the trial court, whose decision will not be disturbed unless plainly and palpably wrong. Phillips v. Phillips, 489 So.2d 592 (Ala.Civ.App.1986).
The wife also contends that the husband should not have received the rental property. The testimony concerning the amount the wife had paid for the rental home was conflicting. There was also conflicting testimony as to whether the parties had any interest in the property other than a lease. In any event, the court was well within its discretion in divesting the wife of any interest she may have had in the rental property. The division of property in a divorce action is a matter for the discretion of the trial court after consideration of the equities, and that discretion will not be disturbed except upon a showing of abuse. Caldwell v. Caldwell, 54 Ala.App. 479, 309 So.2d 833 (1975).
The decision of the trial court is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.