BRADLEY, Presiding Judge.
This is a divorce case.
After an ore tenus hearing the Shelby County Circuit Court divorced the parties and issued a divorce decree awarding custody of the two minor children to the wife along with monthly child support of $1,000. She was also awarded periodic alimony payments of $750 a month. The husband is to maintain the major medical and life insurance policies for the wife and children. The marital residence was ordered sold, with proceeds to be divided equally. The wife was given exclusive use and possession of the home until its sale was procured. She was also ordered to pay one-half the mortgage payment and all of the maintenance payments on the home. Included in the decree was an award to the wife of all the personal property located within the marital residence. The husband was ordered to pay two-thirds of back taxes owed and wife was to pay one-third of this debt. Each party was awarded his/her own IRA account and husband was ordered to pay all joint debts of the marriage. The wife was awarded one-half the net proceeds of the dental practice when such practice is sold. A subsequent modification of the decree reflected the manner of payment of the child support and awarded the husband the country club membership subject to continued use by the wife if possible.
Wife appeals, contending the trial court abused its discretion in regard to alimony, child support, taxes, sale of marital residence, and award of attorney fees. We disagree.
Husband and wife were married in 1961 and had three children born of the marriage; two of these children are minors. Neither party had been married before. Both husband and wife are in their fifties. At the time of the decree husband owned his own dental practice and wife was a *139 housewife. Her previous work experience was as a secretary and as a keypunch operator. She worked at various times during the marriage and carried two jobs while the husband was in dental school. Wife has a high school diploma and husband has a dental degree.
The medical history of the parties was not disputed. Husband had a colostomy in 1978 which requires medical attention but has not affected his ability to work. The wife has lupus which is controlled through medication but still presents some medical problems. In addition she is hypoglycemic and suffers from migraines. Both are controlled through diet and medication. None of the wife’s health problems have rendered her incapable of employment. At the time of the wife’s motion for reconsideration, she was employed, earning $800 per month.
In reviewing a divorce case presented ore tenus to the trial court, the judgment is presumed to be correct and will not be set aside by this court unless it is plainly and palpably wrong. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985). In Alabama it is well established that matters of alimony and child support are within the sound discretion of the trial court and will not be disturbed on appeal unless it is shown that the trial court abused its discretion. Phelps v. Phelps, 484 So.2d 1114 (Ala.Civ.App.1986).
When making an award of alimony, the trial court may consider various factors, including the age and health of the parties, the length of the marriage, the standard of living to which both parties are accustomed, and the parties’ future prospects. Brannon, supra.
The record evidence before the court indicates the parties are in their fifties, with controllable health problems. The wife is to receive $1,000 child support per month, as well as periodic alimony payments of $750 per month. In addition, the wife is currently working and earns $800 per month. The marital residence has been sold, which relieves the wife from many of the expenses she claimed at trial. The husband owns a dental practice and estimates his income at less than $89,000 for the year. He has in the past supported the oldest child and paid his college expenses. He also pays the medical insurance and medical expenses of the family. He is required to pay approximately $20,000 in debts from the marriage. In view of these various factors found within the record, there was sufficient evidence for the trial court’s award of alimony and child support.
We note, however, that child support payments and periodic alimony are modifiable if financial or health problems or other circumstances of the parties are changed in the future.
The wife’s next contention is that the trial court abused its discretion in regard to the division of the property. Division of property in divorce cases does not have to be equal but the division does have to be equitable. Dowdy v. Dowdy, 473 So.2d 1091 (Ala.Civ.App.1985). Moreover, a property division in divorce cases is a matter within the discretion of the trial court. The exercise of such discretion will not be set aside except upon a showing of plain and palpable abuse. Dowdy, supra.
The evidence reveals that the marital residence was ordered sold, with one-half of the proceeds to be received by the wife, who was also awarded the personal property located within the home. The home has since been sold. The wife received two motor vehicles and the husband received one motor vehicle. Each party was awarded the IRA that he/she owned at the time of the divorce hearing. Further, upon a sale of the dental practice, the wife is to receive one-half of the net proceeds, with an exclusion for the dental equipment. Review of these factors in evidence reveals that an equitable division was made and that the trial court did not abuse its discretion.
Wife’s final contention is that the award of attorney fees was inadequate. Award of attorney fees is within the sound discretion of the trial court, and the award of attorney fees will not be set aside except for an abuse of discretion. Dowdy, supra. Based on the evidence in this case, we do *140 not consider a $5,000 attorney’s fee award to be an abuse of the trial court’s discretion.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.