HOLMES, Judge.
This is a divorce case.
The husband filed suit for divorce on grounds of incompatibility. The trial court, after an ore tenus hearing, divorced the parties and made a division of property. The husband appeals and we affirm.
Viewing the record with the attendant presumptions, the following is pertinently revealed: The parties were married for thirty years. The wife is sixty-six years old and the husband is sixty-four. There were no children born of the marriage. However, both parties had children of prior marriages. As many as three of the husband’s children and two of the wife’s children lived with the parties at one time.
When the parties married in 1950, they lived in a home owned by the wife. Later they built a new home on an adjacent lot which was also owned by the wife. In 1953, the parties “traded” their new home in Mobile for a farm in Butler County and moved to the farm. The farmhouse burned in 1967 and the parties set up a mobile home on the old home site.
The parties’ income apparently was limited. Over the years the husband held various jobs which paid him from $100 to $125 per week. However, he was fired from one job and spent about a year drawing unemployment. He also spent a period of several years without a salaried job. The husband farmed during this period, but he testified that he lost money on the farm.
The wife did not work outside the home and farm during the marriage. Beginning in about 1966, she did receive some supplemental income from a trust set up by her mother. The wife had received a total of about $32,000 from her mother’s estate at the time of the hearing. The wife’s share of the trust income in 1980 amounted to about $81 per month. The corpus of the trust will not be distributed until after the wife’s death.
In addition to the income noted above, the parties are receiving monthly payments from the sale of their farm and a parcel of land in Covington County.
When they sold the farm, the parties retained a life estate in it.[1] The farm was sold to two of the wife’s sons, who were to pay a total purchase price of approximately *711 $25,000. The sons executed a mortgage on the farm. Each son makes a monthly mortgage payment of $100. There was evidence at trial that one son made payments to the husband and one made payments to the wife.
As indicated, the parties also sold a parcel of land in Covington County. At the time of the trial, the balance due on this parcel was $3,777.97 and the monthly mortgage payment was $74.
The parties also receive social security benefits. The husband receives $250 per month and the wife receives $164 per month.
The parties accumulated some valuable farm equipment over the years, including a dump truck, a tractor and a hay bailer. Before the trial, the husband sold all this equipment to his nephew for $10.
While the parties were married they purchased a 1977 truck which the husband drove. The husband testified that about two months before the trial he sold that truck to a lady friend for $3,000. He also testified that after the sale he was allowed to drive the truck whenever he wanted.
During the marriage the parties maintained joint bank accounts. Toward the end of the marriage the wife opened a separate savings account. There was evidence at trial that most of the money deposited in the account came from the wife’s share of the trust distributions, the monthly mortgage payments the wife received from one of her sons, and her social security checks. The account was closed in October of 1979.
The only other significant assets owned by the parties are: a cemetery lot with four spaces; a 1978 station wagon purchased by the wife; and a promissory note executed by the wife’s daughter in return for a loan of about $4,800. The funds for the station wagon and the loan came from the wife’s separate savings account.
The husband testified that the parties began to have difficulties about the time he retired in September of 1978. In January of 1979 he left to go to Texas. The husband testified that he returned home about two months later to get his wife to go back to Texas with him. However, in March of 1979 he placed an advertisement in the Butler County newspaper stating that he would no longer be responsible for his wife’s debts. In April the husband returned to Texas alone.
The wife is not in good health. She is suffering from two separate, but interrelated problems. She has a heart problem which causes “light headedness,” pain and fainting. She also has a memory disturbance which becomes more acute in stressful situations. Her condition will not improve and is likely to worsen.
As indicated, the dispositive issue on appeal is whether the trial court abused its discretion in the division of property.
The well established rule on appeal from a decree of the trial court rendered upon an ore tenus hearing is that such a decree is presumed correct and will be set aside only if it is unsupported by any credible evidence and is plainly wrong. Goodman v. Goodman, Ala.Civ.App., 366 So.2d 281 (1979). Division of property is within the sound discretion of the trial court and each case must stand on its own facts. Segars v. Segars, Ala.Civ.App., 334 So.2d 684 (1976). It is not necessary that the property be equally divided. Helms v. Helms, 50 Ala.App. 453, 280 So.2d 159 (1973).
The trial court awarded the wife the $74 monthly mortgage payments and one of the $100 monthly mortgage payments. The wife was also awarded the proceeds from the promissory note executed by her daughter, the 1978 station wagon, her interest in her mother’s estate, the cemetery lot, and the parties’ life estate in the farm.
The trial court awarded the husband one of the mortgages which paid $100 a month, the mobile home, and the parties’ interests, if any, in the 1977 truck and the farm equipment which the husband sold. The husband was also awarded any bank accounts and certificates of deposit he may have.
No periodic alimony was awarded to the wife.
As stated above, the trial court is not required to divide the parties’ property *712 equally. Helms v. Helms, supra. Instead, the division of property depends on the facts of the particular case. Segars v. Segars, supra.
As indicated, the parties’ assets were not large.
In effect, excluding the wife’s daughter’s promissory note and the wife’s interest in her mother’s estate, the trial court divided the assets equally.
In view of the above, with emphasis on the wife’s failing health, we find no abuse of discretion in the trial court’s action.
The wife has requested attorney’s fees on appeal. A fee of $350 is awarded for representation on appeal.
The husband’s request for attorney’s fees on appeal is denied.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.

. A portion of the retained life estate was later conveyed by the parties to one of the sons. That conveyance is the subject of a separate lawsuit.