HOLMES, Judge.
This is a divorce case.
The trial court divorced the parties after an ore tenus hearing. The trial court granted custody of the two minor girls to the wife and ordered the husband to pay $75 per week as child support. The husband was granted custody of the minor son. The trial court made a division of property, in pertinent part ordering the husband to pay all the debts owed by the parties as of the date of the decree and also requiring the husband to pay the wife $3,000 so that she can obtain suitable transportation. The husband was awarded exclusive use of the marital home with the choice of either giving the wife $5,000 for her interest or selling the house and dividing the proceeds equally between the two of them.
The husband through able counsel now appeals, contending that the trial court abused its discretion in regard to the property division described above. We find no error requiring reversal and affirm.
The firmly established rule on appeal from a decree of the trial court rendered after an ore tenus hearing is that such a decree is presumed correct and will be set aside only if it is unsupported by any credible evidence and is plainly wrong. Boggan v. Boggan, 398 So.2d 710 (Ala.Civ. App.1981). Furthermore, division of property is withinjdie sound discretion of the trial court and each case must stand on its own facts. Property division does not have *1253 to be equal. Boggan v. Boggan, 398 So.2d 710 (Ala.Civ.App.1981).
Viewing the record with the above presumptions in mind, the following is revealed:
The parties were married some twenty-years except for one brief period when they were divorced. There were three children born during the marriage and at the time of the trial their ages were 11, 14, and 15.
The wife had worked eight years as a sewing machine operator and for some time as a laborer at a factory. The wife also held several other jobs for relatively short periods of time. At the time of the divorce, the wife had been working part time at Wal-Mart. Her take-home pay is approximately $90 every two weeks.
The husband earns approximately $2,000 a month and his take-home pay is in excess of $1,000 a month. The parties’ only major assets consist of the marital home and furnishings. The home is encumbered in the amount of $24,000 and there is an amount owing on the furniture. Three automobiles in the husband’s possession were repossessed after the parties separated and before the divorce hearing. Subsequent to repossession, the husband’s mother purchased one of the automobiles. The husband’s mother does not drive or have a driver’s license and she testified that her son, the husband, has exclusive use of the car.
Subsequent to their separation, the husband received the parties’ joint income tax refund, approximately $3,000. The husband testified that he had spent that money plus some $600 or $800 he borrowed during the period starting with the separation in March 1982 until June 1982; however, the husband cannot account for this money other than saying that the money was used to pay “bills.” During this time, the husband paid some $700 in support to the wife and in May 1982, he deposited $1,700 in his mother’s bank account.
It appears to this court that the trial court could have determined that the husband was somewhat uncooperative, almost evasive, and certainly unclear about his financial status. At best, the trial court had only sketchy information from which to make its decision. Specifically, the husband had trouble accounting for how he spent his salary plus certain loans and tax refunds since the time of the separation. During this time, the husband allowed the three automobiles to be repossessed. The wife has custody of two of the children and is presently without transportation. The husband has regained possession of one of the automobiles through his mother’s purchase of the car.
Considering the disparity in wages between the parties, the length of the marriage, the fact that the husband received the marital home and the wife did not receive any periodic alimony, and, further, considering that the trial court had the advantage of seeing and hearing the witnesses testify, this court finds that there was no abuse of discretion in the division of property.
We note that this court has previously held that it was not an abuse of discretion to award the wife the homeplace and the majority of the parties’ assets. Eubanks v. Eubanks, 52 Ala.App. 224, 291 So.2d 159 (1974).
We further note that matters of child support, alimony, and property division are all interrelated and this court will not disturb the trial court’s action unless it is so unsupported by the evidence as to be unjust and palpably wrong. See Austin v. Austin, 408 So.2d 138 (Ala.Civ.App.1981).
In view of the above, we do not find that the trial court abused its discretion in the division of property. This is particularly so in that the wife received no periodic alimony and the husband received the house with the option of either paying the wife $5,000 for her interest or selling the house and dividing the proceeds.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.