EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce ease.
An ore tenus trial was held before the circuit court. In viewing the record with attendant presumptions which must be accorded the action of the trial court, the following supportive facts are revealed.
The first marriage of the parties was performed in 1951, and it was dissolved twenty-eight years later through a 1979 divorce. That divorce judgment approved an agreement of the parties whereby all of their assets were divided and, among those provisions, the wife received the home, and the husband was awarded another house. The husband agreed to pay monthly periodic alimony to the wife, which started at $500 and was later reduced by the terms of the agreement to $300.
They continued to see one another, and the wife testified that, as an inducement to their second marriage, the husband promised her, among other matters, that she would have half of his retirement. The remarriage of the parties occurred in April 1981. They resided at the wife’s house for about two months, when the husband moved to his home. Thereafter, for an indeterminable period of time, the wife cooked for them at her abode, but she would spend most nights under the husband’s roof.
The wife is fifty-two and the husband is fifty-four years of age. They had no children. She is a bookkeeper and earns $225 weekly. The husband testified that throughout both of their marriages, the wife worked equally as hard as the husband. Her gross estate is now generously evaluated at $115,000. She apparently still owns all of the property which she possessed at the time of their first divorce.
The husband is a Civil Service retiree with gross retirement benefits in 1982 of $19,158, which are subject to periodic cost of living increases. His 1982 net retirement proceeds after taxes approximated $15,000. Under his retirement program, he may earn through other employment up to eighty percent of his retirement benefits without any reduction in those benefits. In 1982, the husband was a part-time charter boat captain and earned $2,080 from that source. He is a cabinet maker and carpenter by trade, but has not charged either his church or friends for recent carpenter work performed for them. While he has a physical disability, he stated that he could work as a carpenter or cabinet maker when he feels able to do so. The evidence conflicted as to whether the husband is an alcoholic. Using the highest estimates, his gross estate was worth around $62,000. He has sold some of the personal property, such as his boat, which he was awarded by the first divorce judgment and he has reduced the cash which he received from the 1979 divorce to about $3,000.
The trial court rendered its judgment on May 24,1983, which divorced the parties on no fault grounds. The husband was ordered to pay to the wife as monthly periodic alimony a sum equal to thirty percent of his Civil Service retirement income remaining after taxes, and he was directed to provide the wife with health and hospitalization insurance coverage.
The husband timely appealed. He apparently complains as to the following trial occurrence:
*967 “Q. All right. During that time that you were first married, isn’t it true that you were using his cheeking account to pay a lot of bills at his house?
“A. When we first married, did you say?
“Q. Yes, M’am.
“A. This is the second marriage we are talking about?
“Q. Right.
“A. At the time he was sleeping there for about two months, he was eating there and sleeping there, we did write checks on his account which were supposed to be his and our account — (interrupted).
“Q. It was his and your account. You were on it — (interrupted).
“A. —to pay the utilities.
“MR. FOSTER:
“You have to let the witness answer the question before you ask another one.
“THE COURT:
“This is all real interesting and it is probably relevant but I don’t care about it.”
The husband had already testified that he did not contend that the wife abused that checking account.
We fail to see how the observations of the trial court injuriously affected the rights of the husband or the outcome even in the slightest. Rule 45, A.R.A.P.; Rule 61, A.R.Civ.P. The materiality of that line of questions was slight at most, and the trial court had the discretion to limit the range of cross-examination as to this matter, especially in view of the husband’s admitted lack of any contest of the wife’s use of the bank account. Gregath v. Bates, 359 So.2d 404, 407 (Ala.Civ.App.1978); C. Gamble, McElroy’s Alabama Evidence § 136.01 at 287 (3d ed. 1977). Lastly, the husband did not object or otherwise raise any issue to the remarks of the trial court, and there was no showing as to what relevant evidence was being solicited by this series of questions. The husband’s argument on appeal raises the issue for the first time, which is not timely for our consideration. Holt v. Davidson, 388 So.2d 548 (Ala.1980); Hinds v. Hinds, 415 So.2d 1122, 1128 (Ala.Civ.App.1982). There is no error as to this issue.
The final appellate problem concerns whether the trial court, after an ore tenus trial, erred in awarding the periodic alimony to the wife. Since the trial court heard and observed these parties as they testified, the granting of the monthly alimony to the wife is presumed to be correct and must be affirmed on appeal unless the trial court was clearly wrong. Also, the award and amount of periodic alimony are matters which lie within the discretion of the trial court and may be reversed upon an appeal only for an abuse of the trial court’s judicial discretion. Wade v. Wade, 402 So.2d 1009 (Ala.Civ.App.1981); Morgan v. Morgan, 402 So.2d 984, 989 (Ala.Civ.App.), cert. denied, 402 So.2d 990 (Ala.1981).
The trial evidence has been conscientiously studied. The trial record has been read twice in its entirety and portions of it have been reviewed additional times. We are not convinced that the trial court abused its discretion or was palpably wrong in the award or amount of periodic alimony. We affirm the final judgment of the learned trial court.
The foregoing opinion was prepared by retired Circuit Judge Edward N. Scruggs, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.