HOLMES, Judge.
This is a divorce case.
The parties were divorced by the trial court after an ore tenus hearing. The wife was awarded custody of the only minor child and the husband was ordered to pay child support in the amount of $400 each month. The trial court made a division of property. No award of periodic alimony was made to the wife.
The wife through able counsel appeals, contending that the trial court erred in failing to award periodic alimony and in the division of property.
Viewing the record with the attendant presumptions, the following is revealed:
The parties were married one day short of twenty years. They had one child during the marriage who was seventeen at the time of the trial. The husband has a high school education and has been employed as a laborer at several businesses during the course of the marriage. On occasions during the marriage the husband was unemployed. The husband testified that he earned approximately $18,000 in 1981 and up until time of the trial in 1982 he had grossed approximately $24,000 as a coal miner.
For approximately eighteen years of the marriage up until the present, the wife has worked as a school teacher in Jefferson County. She has a master’s degree in education. In 1981, the wife earned approximately $17,000 gross; she testified that she would earn $19,000 in 1982. She also has a retirement plan, and insurance is provided for her by the board of education.
The husband committed some acts of adultery during the marriage. The wife also testified that the husband’s drinking contributed to the breakdown of their marriage.
After an ore tenus hearing, the trial court divorced the parties. In the division of property the trial court awarded the wife exclusive use of the house until the child reaches majority in 1984 or the wife remarries. Thereafter, the house is to be sold and the proceeds divided or the wife may buy out the husband’s interest for 45% of the appraised value. The wife was awarded two automobiles and the husband received two trucks. The parties’ motor home was ordered sold and the proceeds applied to the child’s college education or divided between the parties if the child does not go to college. Cattle owned by the parties were ordered sold and the proceeds divided after the wife was repaid for the expense of maintaining the cattle. The furnishings were awarded to the wife.
As indicated above, the husband was ordered to pay $400 a month child support until 1984 when the child reaches majority. The husband was also required to maintain hospital and medical insurance for the child. The wife was awarded an attorney’s fee of $2,300. Additionally, the wife had withdrawn all of the money from the parties’ joint banking accounts before the divorce.
The dispositive issues on appeal are whether the trial court erred in the division of property and in the failure to award periodic alimony.
The firmly established rule on appeal from a decree of the trial court rendered after an ore tenus hearing is that such a decree is presumed correct and will be set aside only if it is unsupported by any credible evidence and is plainly wrong. Boggan v. Boggan, 398 So.2d 710 (Ala.Civ.App.1981). Furthermore, the division of *858 property is within the sound discretion of the trial court and each case must stand on its facts. Property division does not have to be equal. Boggan v. Boggan, 398 So.2d 710 (Ala.Civ.App.1981). The decision to award periodic alimony is likewise within the sound judicial discretion of the trial court and its decision will not be disturbed on appeal except where such discretion was plainly and palpably abused. Hilton v. Hilton, 385 So.2d 640 (Ala.Civ.App.1980).
In the present case we find no abuse of discretion requiring reversal.
Concerning the division of property, the court ordered an almost equal division with the wife receiving slightly more in that she received all of the furniture and furnishings in the residence. Everything else was either ordered sold and the proceeds divided or, as in the case of the vehicles, split between the parties. Hence no error.
In regard to the failure of the trial court to award alimony, we cannot say that such decision was an abuse of discretion. The wife’s age, forty years, the fact that she has a college education and a very good job with certain benefits, such as retirement, compared with the husband’s high school education and the economic instability experienced by him in the past and by unskilled laborers generally, are all factors that support the trial court’s actions. While it is true that the husband was guilty of some marital misconduct, in view of the equitable property division and the factors referred to above, this court is not in the position to say that the trial court erred in refusing to award periodic alimony. To do so would be to substitute our judgment for that of the trial court. This the law does not allow. Allen v. Allen, 385 So.2d 1323 (Ala.Civ.App.1980).
The wife has requested an attorney’s fee on appeal. That request is hereby denied.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.