This is a divorce case.
We have studied all of the ore tenus trial testimony. The following summary of some of the evidence is relevant to the argued issues when due consideration is given to the applicable presumptions.
The husband is forty-seven years of age, the wife is forty-four. They married in December 1955 and separated for the last time twenty-seven years later. Three children were born of their union. The son is eleven years of age and the two daughters are adults. The minor son and one adult daughter reside at home with the wife. That daughter is employed full time and contributes towards the wife's household expenses.
The husband is a truck driver and is paid on a per-mile-driven basis. His gross wages vary from month to month but averaged $1,622 per month from January to July 1983. His listed monthly expenses, not including any withholdings from his *Page 657 
gross income, amount to approximately $1,030.
The wife did not work during the first twenty-five years of the marriage but she has been employed for the past two years. Her enumerated monthly expenses of $619 for herself and the son included a house mortgage payment of $157. Those listed expenses, however, did not cover incidental, social, medical, dental, or recreation expenditures. Her employer will provide hospitalization insurance for her. Monthly take-home pay for the wife is $519.
The parties acquired a jointly-owned home about fifteen years ago and they presently owe $8,000 upon the house mortgage. The house and two and one-half acre lot are worth around $20,000. The couple also acquired their furniture and household appliances, which are debt-free, and a 1978 Chevrolet automobile, which is mortgaged. The wife does not drive.
Some of the trial evidence, as above summarized, was disputed. After personally hearing the testimony, the trial court rendered a final judgment which divorced the parties for incompatibility, granted custody of the minor son to the wife, and ordered the husband to pay semi-monthly to the wife $75 as child support and $50 as periodic alimony. Medical insurance for the minor child must be maintained by the husband. The trial court further granted the use of the home to the wife until it is sold pursuant to and under the contingencies stated in the divorce judgment, with the wife to be responsible for the house expenses including the house mortgage payments. The wife was awarded all of the furniture and appliances and the husband received the automobile.
On appeal the wife complains that the child support and periodic alimony awards were insufficient and that the husband should have been required to pay the mortgage indebtedness upon the house.
The trial court is granted much latitude in the exercise of its judicial discretion as to the amounts for child support and periodic alimony to be awarded, as well as to making an equitable division of property and providing for the payment of debts. We are not allowed to disturb the findings of the trial court upon those matters unless the holdings were so palpably wrong as to constitute an abuse of discretion. Further, when an evidentiary trial is conducted before a trial court upon those issues, the final judgment is presumed to be factually correct and must be affirmed if it was supported by credible evidence.Kaiser v. Kaiser, 434 So.2d 264 (Ala.Civ.App. 1983); Casey v.Casey, 421 So.2d 128 (Ala.Civ.App. 1982). Under some tendencies of the evidence, the wife's earnings, when added to the awarded child support and periodic alimony, total more than her and the minor son's listed living expenses including the house mortgage payments. Stated differently, according to some of the evidence, she will have total receipts which will provide for their living expenses and the monthly installments. Under those circumstances, there was credible evidence which upholds the judgment of the trial court. Accordingly, we cannot conclude that the amount of child support, the periodic alimony award, or the requirement that the wife pay the mortgage payments was palpably wrong. The trial court did not abuse its discretion as to any of the issues in controversy. We affirm the judgment of the trial court.
The wife's request for an attorney's fee on appeal is denied.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 658