This is a divorce case.
After an ore tenus trial, a final judgment was entered which divorced the parties for incompatibility of temperament, awarded to the wife periodic alimony of $600 each month, and found that no order need be made as to the children since they had reached the age of majority. As to a property division, the judgment provided as follows:
 "The Court further finds that during the marriage of the parties to this cause they have accumulated certain assets, mainly described as 800 shares of Citizens Bank stock; a brick home in Red Bay, Alabama; lake property, a one-half interest in 36 acres on Cedar Creek Lake; a 1981 Buick LeSabre; a 1977 Buick Century; a 1978 Buick LeSabre; certain other household furnishings, appliances, china, silver, riding mower, etc.
 "The Court further finds that the liabilities incurred or owed by the parties include a note to citizens bank in excess of $10,000.00 together with approximately $2,000.00 in charge card bills to various mercantile outlets and doctors and other pharmaceutical purchases. *Page 321 
 "The Court, after consideration of the foregoing, is of the opinion that due to the long term of the marriage and further from the evidence in this cause, that the parties have accumulated what they have since the marriage and it is the opinion of the Court that they shall share equally in all those assets which have been accumulated and which are held on the date of this trial together with all liabilities for which those assets stand as security.
". . .
 "It is FURTHER ORDERED, ADJUDGED AND DECREED by the Court that any assets or liabilities which the Court did not enumerate above which were unknown at the time of the dictation of this Order shall be included in the division of the property set out above, it being the intention of the Court that the parties to this cause shall share equally in all assets accumulated and all liabilities assigned to the accumulation of said assets.
". . .
 "It is FURTHER ORDERED, ADJUDGED AND DECREED that with reference to the property division, the parties are admonished to settle this matter among themselves within ninety (90) days, however, in the event that they are unable to effectuate a division of the property to the mutual satisfaction of each other, then on motion, the Court will ORDER the Clerk of the Court to proceed to sell at public auction all assets accumulated by the parties after which the Court will pay any outstanding liabilities against said assets and then divide the monies equally among the parties to this cause."
The wife has appealed. The facts as to each issue which she has raised will be separately developed consistent with the attendant ore tenus rule that, where the evidence is taken before the trial court, the resulting judgment is factually presumed to be correct and may be set aside on appeal only if it is not supported by any credible evidence and is palpably wrong. Lambert v. Lambert, 444 So.2d 856 (Ala.Civ.App. 1983). Of course, even if a trial is personally conducted before the trial court, error may result where the trial court does not apply correct rules of law in reaching its decision. Sterrettv. Sterrett, 45 Ala. App. 375, 231 So.2d 152 (1970).
 1.
Mrs. Johnson, the wife's mother, owned an undivided one-half interest in seventy acres of land. She spoke to the parties about conveying it to them since the income from the property was rather limited. Mrs. Johnson said, "I'll make y'all a deed, and y'all pay me [$]50 a month. . . ." The parties agreed, and on August 26, 1971, Mrs. Johnson executed an unrestricted deed of her interest in the seventy acres to the husband and wife jointly with a right of survivorship. The wife testified that about $2,000 was paid to her mother, as there were months when Mrs. Johnson would not take the money, "no way." The husband testified that the fifty dollars a month was paid for as long as his mother-in-law wanted him to pay it, which was until she entered a nursing home in 1981 where she still resides. He agreed that there may have been some months when Mrs. Johnson would not accept a monthly payment.
Approximately fifty percent of that property was conveyed in 1977 to the Bear Creek Development Authority, which constructed a dam resulting in a lake which is situated directly across a road from the remaining thirty-six acres of property of the parties. The land has vastly increased in value because of the lake. The parties received the purchase price of $22,000 from the authority for their interest in the purchased portion. They later sold their interest in a small lot from the remaining land for an additional $3,700. The $22,000 was placed in a certificate of deposit in the names of both parties and of their two children, but in January 1983, the wife eliminated the husband as a payee or owner as to the certificate of deposit. The wife testified that the sale proceeds were used as their own, that the interest accumulated, *Page 322 
and that about $7,600 of it was utilized to completely pay the debts of the parties in the summer of 1982.
The wife contends that the trial court erroneously decreed that the remaining thirty-six acres and the certificate of deposit should be equally shared or divided between the husband and the wife. She relies upon the following pertinent provisions of section 30-2-51, Ala. Code (1975):
 "[T]he judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the trial judge finds from the evidence that such property, or income produced by such property, has been used regularly for the common benefit of the parties during their marriage."
We do not consider that code section to be applicable in this case. Consideration for the property was paid to Mrs. Johnson by the parties over a ten-year period. The trial court could have properly ascertained from the evidence that the land was purchased by the parties from Mrs. Johnson and that it was neither a gift nor an inheritance. The trial court did not divide or establish their respective interests in that real estate for the deed had already done so. Before the judgment was rendered, each party already owned a one-fourth interest in the remaining thirty-six acres, with the other one-half interest being owned by the wife's brother and his wife. At the time of the sale of part of the land, each party was entitled to receive an equal share in the proceeds, which was used and considered as belonging to them, and as late as the summer of 1982, $7,600 of it was utilized by them for family purposes, the payment of debts. There was no error as to this issue.
 2.
The wife contends that the trial court ordered (and erred in doing so) that the parties share equally in the payment of several bank notes totaling over $10,000 and of a $2,000 charge card account. Only the husband signed the notes and that particular charge card was in his name.
The judgment mentioned the payment of debts in three specific instances, and we must first construe the final judgment to ascertain if it really provides in the manner as is contended by the wife.
(a) "[T]hey shall share equally in all those assets which have been accumulated . . . together with all liabilities for which those assets stand as security." The notes and account in question are all unsecured. No asset of either, or both, of the parties is subject to any indebtedness and, accordingly, none of the property stands as security for any debt.
(b) It was the stated intention of the court that "the parties to this cause shall share equally in all assets accumulated and all liabilities assigned to the accumulation of said assets." A close reading of all of the evidence discloses that two of the notes, while unsecured, were given by the husband in order to borrow funds for the purchase of assets. He executed a bank note in the principal amount of $1,000 in order to purchase a riding lawn mower and another note for $4,901.46 was given by him in order to buy his present vehicle, a 1978 Buick. Those are the only present debts which were used in the accumulation of any of the assets of the parties. Since the vehicle and the mower are considered as assets in which the parties shall share equally, we find no unfairness that the debts which were created in order to purchase those two items, as evidenced by those two notes, be borne equally by the parties. However, none of the other debts or notes mentioned in the testimony fall within this category as created by the final judgment and are due to be paid only by the particular party owing the debt or signing the note.
(c) If the parties do not agree upon a property division and all assets are sold at public auction, "the Court will pay any outstanding liabilities against said assets. . . ." As previously noted, all of the assets of the parties are debt free; hence, *Page 323 
there are no outstanding liabilities against them.
In summary as to this issue, the wife had misconstrued the judgment of the trial court. Only the note for $4,901.46 and one note for the principal amount of $1,000 were used for the accumulation of any of their present assets. Only those two notes are due to be borne equally by the parties. None of the other debts attributed to either party falls within any provisions of the final judgment and they are not required to be paid equally by the parties. In providing for the payment of debts, the trial court is granted much latitude in the exercise of its judicial discretion, and we may not disturb the findings of a trial court upon such a matter unless the holding was so palpably wrong as to constitute an abuse of discretion. McCainv. McCain, 446 So.2d 656 (Ala.Civ.App. 1984); Elliott v.Elliott, 410 So.2d 74 (Ala.Civ.App. 1982). We find no abuse of discretion by the trial court as to this issue.
 3.
The daughter of the parties was called by the wife as a witness and the following transpired:
"THE COURT: What is the nature of this offer?
 "MR. PATTERSON: She's their daughter, and she's 22 years old.
"THE COURT: What are you going to prove by her?
 "MR. PATTERSON: Just show that she felt her father had changed in his actions toward her mother.
 "THE COURT: Well, you know, I'm not interested in hearing any of her opinion about what her mother and daddy's problems are."
Thereafter, the witness was asked pertinent financial questions. At the conclusion of the daughter's brief testimony, the attorneys approached the bench and an unreported colloquy occurred, and the wife admits that the trial court then stated that it was satisfied that incompatibility of temperament had been proven. The offer of proof was inadequate to cover the other plead ground for a divorce. Under those circumstances, we fail to fathom any harm in not permitting the daughter to testify about any changes in the husband's actions towards the wife, especially since the trial court provided for an equal division of property. If there was error, it was error without injury. Rule 45, Alabama Rules of Appellate Procedure; Rule 61, Alabama Rules of Civil Procedure; Harris v. Harris, [Ms. May 23, 1984] (Ala.Civ.App. 1984); Turner v. Turner, 441 So.2d 965
(Ala.Civ.App. 1983).
 4.
Prior to the beginning of the evidentiary trial on September 6, 1983, the husband's attorney admitted in open court that the husband was responsible for the support of the minor son of the parties and that there was no disagreement as to that matter. Everyone was in accord that the young man was eighteen years of age at that time and that he attended college at the University of North Alabama, where he then lived. The wife swore that the husband was paying for the boy's schooling. Their daughter is twenty-two years old.
The trial court ascertained in the judgment "that the children born during the marriage have reached the age of majority and the Court need not consider any custody or care arrangements for said children." That was an erroneous holding insofar as the son was concerned, and the issue was duly raised in the wife's motion for a new trial, which was overruled. The learned trial court erred to a reversal in not making some provisions for the son's support, maintenance, and education from the date of the judgment until the son reached, or shall reach, his majority. This cause is remanded to the trial court for such purpose and for such additional proceedings upon that issue as may be required. In the discretion of the trial court, the husband may be entitled to credits for any and all support which he provided, or shall provide, for the son during the period in question. *Page 324 Smith v. Smith, 443 So.2d 43 (Ala.Civ.App. 1983).
The judgment of the trial court is affirmed in all respects except as to the issue herein numbered four (4), as to which the matter is reversed and remanded to the circuit court.
The wife has applied for an attorney's fee upon this appeal. Since the reversal of this cause only concerned one aspect of the case, we do not deem that it would be reasonable or equitable to impose all of the fee upon the husband which the wife's attorney might be entitled to for his expenditure of time, expertise, and office expenses as to the entire appeal. Accordingly, the husband shall pay to the wife the sum of $400 to be applied upon the fees of her attorney for representing her before this court.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
All the Judges concur.