EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case.
The final judgment divorced the parties for incompatibility, granted the custody of their two children to the wife, awarded the wife $300 per month as periodic alimony, ordered the husband to pay child support of $220 per month to the wife and to also pay to her the following for the children: their private school tuition, school transportation of $50 per month, and an additional $50 per month for school lunches and supplies. The trial court further divided the property of the parties. The husband appeals and raises issues as to the awards of periodic alimony, child support, and division of the property.

Child Support and Division of Property

The husband contends that the total child support award, which includes the schooling provisions, exceeds the needs of the children and, consequently, constituted an abuse of discretion. He argues that the *1141 division of the property of the parties was inequitable.
As to those two issues, the trial court has a judicial discretion to exercise and its decision as to those matters will not be disturbed on appeal unless the holdings were so palpably wrong as to be an abuse of discretion. Also, when those issues have been tried ore tenus before the trial court, the judgment is presumed to be factually correct and must be affirmed unless it is so unsupported by credible evidence as to be palpably wrong. McCain v. McCain, 446 So.2d 656 (Ala.Civ.App.1984). There is no requirement in Alabama divorce litigation that the assets of the parties be divided equally; however, the division must be equitable under the circumstances of the case. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
There have been hundreds of appellate court decisions concerning these two issues, and it would not add to precedent if we recited the tendencies of the evidence. We assure counsel for both sides that we have thoroughly studied their briefs and the entire record in this case. While the total amount of child support as awarded by the trial court was liberally on the high side, and while the payment of the awarded child support may severely strain the husband’s finances until such time as some of his debts are satisfied, we find no abuse of discretion as to that award. We observe that the husband had certificates of deposit in an ample amount to totally satisfy all of his debts that existed at the time of the trial of this case. We construe the final judgment’s provisions as to school transportation and as to school lunches and supplies to be payable only when the children are attending school.
The issues concerning child support and the division of property are affirmed.

Periodic Alimony

In the wife’s counterclaim there was no prayer for any award of periodic alimony to her except for pendente lite alimony. After a reference to the register and an evi-dentiary hearing thereon, it was not recommended by the register that it be granted. There was no prayer for general relief in the wife’s counterclaim.
Immediately prior to the evidentiary hearing, able counsel for the wife specified to the trial court in open court that the only issues to be litigated were the amount of child support and a division of the real and personal property of the parties. The trial court then stated that there would be only two issues. The evidence that was presented as to the income'and expenses of each party was readily referable to the child support issue. During the hearing and trial, alimony or support for the wife was never mentioned at any time by any witness, party, attorney, or the trial court.
The wife was awarded $300 per month as periodic alimony. The husband’s motion for a rehearing or to alter, amend, or vacate the judgment raised the periodic alimony matter and his motion was overruled by operation of Rule 59.1, Alabama Rules of Civil Procedure.
There was no specific prayer for periodic alimony and no general prayer for relief. The economic evidence of the parties was referable to the child support issue, which was one of the two issues which were specified to be litigated. Accordingly, periodic alimony was not an issue to be decided and the legal principles as stated in Awad v. Awad, 54 Ala.App. 154, 306 So.2d 21 (Ala.Civ.App.1975), and in Rules 15(b) and 54(c), A.R.Civ.P., have no application. A party who has, with knowledge of the facts, assumed a particular position in judicial proceedings is estopped to assume an inconsistent position to the prejudice of the adverse party. United Security Life Insurance Co. v. Birmingham Trust National Bank, 282 Ala. 295, 211 So.2d 139 (1968). Here, the wife was estopped from receiving any periodic alimony by limiting the contested litigation to two issues which did not include periodic alimony. That limitation was never amended during the trial with the consent of the husband or with the trial court’s approval. Periodic alimony was not an issue in the case, and the trial *1142 court erred in awarding periodic alimony to the wife. Therefore, we reverse this case and remand the matter to the trial court, where a judgment shall be entered amending the divorce judgment so as to deny periodic alimony to the wife.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.