*284 ON REHEARING
L. CHARLES WRIGHT, Retired Appellate Judge.
On rehearing the opinion of this court issued on August 12, 1987 is withdrawn and the following is substituted therefor.
This is a divorce case.
Sammy Edward Chesnut and Helen Lee Chesnut were married in 1973. During their marriage they had one daughter. On April 25, 1986 Mrs. Chesnut filed her complaint for divorce alleging adultery, irretrievable breakdown of the marriage relationship, and incompatibility of temperament.
On October 16, 1986 the Chesnuts were divorced by final order of the Etowah County Circuit Court. In the decree Mr. Chesnut was ordered to pay $300 per month alimony and $400 per month child support, as well as $750 for Mrs. Chesnut’s attorney’s fees.
Additionally, Mr. Chesnut was ordered: (1) to maintain health insurance for the child; (2) to pay the child’s uninsured medical and dental bills; and (3) to designate the child as the irrevocable beneficiary of all Mr. Chesnut’s life insurance.
Mrs. Chesnut was given title to and ordered to make the mortgage payments on the home owned by the parties. She was also awarded all their furniture, and the sports car owned by the parties. Mr. Ches-nut was ordered to pay the debt owing on the car.
The Chesnuts were operating a pool business out of their home at the time of the divorce, and Mr. Chesnut was awarded all the equipment and assets of the pool business. Mr. Chesnut is also an engineer with the railroad. His current net income is approximately $1,800 per month.
Mr. Chesnut appeals, asserting that the trial court’s order is excessive and so inequitable as to be an abuse of discretion.
The trial court’s discretion governs awards of child support, alimony, and property. Hughes v. Hughes, 500 So.2d 1140 (Ala.Civ.App.1986); Phillips v. Phillips, 489 So.2d 592 (Ala.Civ.App.1986). The court s decision regarding such matters will not be reversed absent a showing that it is plainly and palpably wrong. Hughes, supra; Phillips, supra. In reviewing the trial court’s order we must ascertain not whether the parties’ assets were divided equally, but whether they were divided equitably. Hughes, supra.
We have reviewed the record and are satisfied that the trial court’s division of assets was equitable and that the alimony payments and the child support payments do not reflect an abuse of discretion.
Consequently, we affirm.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
APPLICATION FOR REHEARING GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED.
AFFIRMED.
All the Judges concur.