HOLMES, Judge.
This is a divorce case.
The circuit court divorced the parties and made a division of property. The wife, through able and distinguished counsel, appeals contending that the trial court erred in its division of property.
The parties to this divorce were married in 1974. At the time of the divorce, the husband was eighty-three years old and the wife was sixty-six. The trial court granted the divorce on the grounds of incompatibility of temperament.
The trial court in its division of property awarded the parties each their separate estate that they had accumulated both before and during the marriage. Among the property jointly owned, the husband received the homeplace, which included a house and small cottage, with an approximate value of $225,000. The wife was awarded real property on which is located two rental houses; the total approximate value of this property is $80,500. In addition, the parties owned during the marriage fifty percent of certain real estate. The trial court gave each party an undivided one-half interest in the fifty percent interest. Put another way, of the property jointly owned, certain property was equally divided; the wife received sole title to one parcel, and the husband was awarded the home.
It is axiomatic that division of property is within the sound discretion of the trial court and each case must stand on its own facts. Boggan v. Boggan, 398 *136 So.2d 710 (Ala.Civ.App.1981). The division of property does not have to be equal, only equitable. Factors to be considered in the division of property include the future prospects of the parties, their ages, sex, health, station in life, and length of marriage. Wilson v. Wilson, 404 So.2d 76 (Ala.Civ.App.1981).
Furthermore, we find the following general principle of law to be appropriate to the instant appeal. When the parties to a divorce action submit themselves to the jurisdiction of the court for the division of jointly owned property, the court has the authority to make such division as equity requires. Morgan v. Morgan, 402 So.2d 984 (Ala.Civ.App.), cert. denied, 402 So.2d 990 (Ala.1981). Also, the trial court has the power to use any reasonable means to effect a just property settlement and just equities between the parties. Simmons v. Simmons, 422 So.2d 799 (Ala.Civ.App.1982).
In the present case the marriage between the parties was of a relatively short duration, some eight years. The husband is over eighty years old and it is doubtful that his earning capacity will increase, or for that matter, remain at its present level. By comparison the wife is younger. She opened a business in January 1983 which at the time of trial had an inventory of somewhere between $10,000 and $40,000. The wife had previously owned a similar business and presumably she has some experience in that area. The husband is in poor health and is required to take medication daily. There is no indication that the wife’s health is anything other than normal for a woman some sixty-six years old.
Throughout their marriage the parties maintained separate estates. At the time of the divorce, the wife had a separate estate of over $400,000, mostly unencumbered real estate, including a recently built house situated on land owned by the wife where she now resides. The husband also has a separate estate worth several hundred thousand dollars.
The wife contends that consideration should be given to financial contributions she made for the parties’ benefit during their marriage, and the fact that the husband gave her half interest in the marital homeplace shortly after they were married.
The home was the husband’s before the marriage. After the parties married, they lived temporarily in the wife’s house while the husband’s house was being enlarged to accommodate the newlyweds. The wife contends that she contributed sums towards the remodeling of the house. When they moved into the newly remodeled house, the wife sold her house. It is not clear from the record where the proceeds from the sale of the wife’s house went nor how much she contributed towards the remodeling of the husband’s house. In any case, it is apparent from the record that both parties contributed financially to the marriage in an effort to maintain a comfortable standard of living.
Be that as it may, the trial court is empowered to adjust all equities between the parties in a divorce proceeding. Tidwell v. Tidwell, 379 So.2d 614 (Ala.Civ.App.1980). Here each party kept his or her own separate property. The jointly owned property was divided almost equally with the husband receiving a slightly larger share in that he retained the marital home. However, in all fairness, this home had been the husband’s home for some thirty years, long before the parties married. Also, the wife was not left without a place to live as seen from the above.
In view of the wife’s sizable separate estate, the husband’s age and health, the relatively short duration of the marriage, and the favorable presumptions accorded the trial court’s decree, it was not an abuse of discretion to divide the property as was done in this case. In fact this court would comment that the trial court’s action appears to be quite equitable to all concerned. Hence, no error.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.