BRADLEY, Judge.
This is a divorce case.
The parties to this action were married on August 6, 1969. They have two sons, Alan (fourteen years old) and Terry (eleven years old).
The husband filed for divorce on March 23,1984 on the ground of incompatibility of temperament. The trial court entered a final judgment of divorce on October 25, 1984. The trial court granted custody of the parties’ two minor sons to the husband and provided liberal visitation rights to the wife, allowing her to keep the children during June, July, and August of each year. The husband was required to provide child support of $450 each year during the summer visitation period. The husband was awarded the marital home and the surrounding farm property. He was also awarded the beef cattle and farm equipment. The wife was awarded a one-acre lot formerly owned in her name and title to a 1981 Ford Fairmont. The husband was ordered to pay the wife $30,000 alimony in gross and $250 periodic alimony for six months after the divorce. The parties were further ordered to divide equally the household furniture and furnishings. The husband paid the wife’s attorney’s fee in the amount of $1,687.51.
Wife appeals from this divorce decree, alleging that the trial court erred in its division of property, award of alimony, and award of custody of the parties’ children.
Under the ore tenus rule, where the trial court hears the testimony, its judgment is presumed correct and its decision will not be set aside unless unsupported by the evidence or palpably wrong. Stricklin v. Stricklin, 456 So.2d 809 (Ala.Civ.App.1984). We review the record with this presumption in mind.
The wife is thirty-seven years old. She has worked infrequently during the marriage. The wife earned approximately $275 to $300 a month while employed. She has a history of mental illness and has been diagnosed as suffering from bipolar manic depression.
The husband is thirty-nine years old. He has worked hard throughout the marriage. The husband’s father (C.W. Hammond) deeded two hundred and thirty-three acres of land to the husband in 1974. The husband’s father stated that he gave this property to the husband. The husband uses this property to graze beef cattle and for hay production. He has received the following income from his farm operations: 1980 — $15,730; 1981 — $34,587; 1982 — $8,-943; 1983 — $6,941. The husband’s net worth is approximately $225,000 (mostly pasture land).
The wife contends that even though this two hundred and thirty-three acres was arguably a “gift” to the husband, it has been used for the common benefit of the parties during their marriage and should thus be considered by the trial court in its property division. See § 30-2-51, Code 1975. She contends that she should receive a one-half interest in this property, or the marital home and twenty surrounding *1142 acres, or an additional $75,000 in lump-sum alimony. The husband agrees that the farm property may be considered by the trial court in its division of property and award of alimony, and argues that it was so considered by the trial court in making an award of $30,000 to the wife.
It is well established that division of property and award of alimony are within the sound discretion of the trial court, and are reviewable only for abuse thereof. Wade v. Wade, 402 So.2d 1009 (Ala.Civ.App.1981).
Testimony revealed that the husband’s father sold or gave the husband two hundred and thirty-three acres of land out of approximately six hundred and sixty acres that he (the father) owned. The husband’s father still owns the remaining acres. He and the husband run and graze their beef cattle on the entire six hundred and sixty acres of land. The husband pays his father $5,000 a year rent to graze the cattle on his father’s land. The husband’s father owns two-thirds of the beef cattle, and stated that he gave the husband fifty to sixty cattle. The husband’s father also owns half of the farm equipment used on the farm. The husband and father each owns half of the farm bank account. They built the parties’ marital home. The husband and his father work together to manage the farm operations. The evidence further shows that the husband’s assets are commingled with his father’s. Most of the husband’s property was given to him by his father.
We have stated that “the trial court has the power to use any reasonable means to effect a just property settlement and just equities between the parties.” Wilson v. Wilson, 450 So.2d 135 (Ala.Civ.App.1984). Here, a division of property between the husband and the wife is difficult, given the commingling of assets and joint activities of the husband and father. The trial court apparently elected to make an award of alimony in gross to the wife as compensation for her inchoate marital rights and in lieu of a division of the fruits of the marriage, since liquidation of the parties’ assets was not practicable. Williams v. Williams, 402 So.2d 1029 (Ala.Civ.App.1981).
We note too that the husband earns his livelihood from the farming operations. His sole means of support is the income derived from the use of the two hundred and thirty-three acres. He will continue to need this land to support the children, also. He also needs the marital home for the parties’ children, who will be living with him.
The award of $30,000 alimony in gross and $250 a month periodic alimony for six months allows the wife ample opportunity and income to make a new beginning and find employment. She is young and able to work. The awards to the wife are equitable, particularly since she made very little financial contribution to the marriage. We find no abuse of discretion in the trial court’s awards.
The wife next contends that the trial court erred in placing custody of the parties’ children in the husband. She urges this court to award her custody of the children, and place them with her for nine months of the school year and allow the husband to keep them during the summer months.
A child custody award incident to a divorce is a matter within the trial court’s discretion, and the trial court’s decision in this matter will not be reversed on appeal absent abuse of discretion. Cole v. Cole, 442 So.2d 120 (Ala.Civ.App.1983).
Factors considered by the trial court in making a custody determination include, but are not limited to, the following: “[1] the respective home environments offered by the parties; [2] the characteristics of those seeking custody, including age, character, stability, mental and physical health; [3] the capacity and interest of each parent to provide for the emotional, social, moral, material, and educational needs of the children; [4] the interpersonal relationship between each child and each parent; ... [5] the preference of each child, if the child is of sufficient age and maturity_” Lip- *1143 sey v. Lipsey, 450 So.2d 1095 (Ala.Civ.App.1984).
Several witnesses testified that the father had a good relationship with his sons. Witnesses further stated that the husband was a stable, hard-working man, well able to provide for the needs of his children. The boys enjoy working on the farm with the husband, and have enjoyed vacations together to New Orleans and Panama City. Terry (eleven) stated in the judge’s chambers that he would rather live with his father. Alan (fourteen) said that he could live happily with either parent.
As indicated earlier, the wife suffers from a mental illness. Her father committed suicide, and she admitted that she sometimes has suicidal thoughts. She is unable to provide financially for the children. Witnesses testified that she locked the children out of the house sometimes. She has hit the husband on several occasions. She may well have been provoked, however. Alan stated that sometimes she hit him too hard'. Although there is no doubt that the wife loves her children, it appears to be in the children’s best interests to be with the husband. After carefully reviewing the evidence before us, we cannot say that the trial court abused its discretion in awarding custody of the children to the husband.
The court’s divorce decree is affirmed.
Wife’s request for an attorney’s fee on appeal is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.