RUSSELL, Judge.
This is a divorce case.
Following an ore tenus hearing, the trial court entered a judgment of divorce. The wife was awarded $250 per month alimony and $525 per month child support. In the division of property, she received one-half of the marital residence, that half valued at $30,500; $25,000 in cash; her checking account of $322; her IRA, worth $7,100; and *1038 household furnishings valued at $10,000, for a total of $72,922.
The husband was awarded $57,600 in cash; checking accounts worth $1,411; stocks and bonds worth $6,818; $9,700 in deferred income; his IRA, worth $17,000; life insurance with a cash surrender value of $2,600; and one half of the marital residence, that half valued at $30,500, for a total of $125,629.
The wife appeals and contends that the trial court abused its discretion in an inequitable division of the marital assets and an award of an insufficient amount of periodic alimony. We affirm.
We note that the matters of which the wife complains are within the sound discretion of the trial court and that its judgment will only be reversed on a showing that it has abused that discretion. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ. App.1986). When the evidence has been presented ore tenus, the judgment is presumed correct and will not be set aside unless it is plainly and palpably wrong. Lucero, 485 So.2d 347.
Although the division of property in a divorce proceeding does not have to be equal, it should be equitable. Dowdy v. Dowdy, 473 So.2d 1091 (Ala.Civ.App.1985).
Factors to be considered by the trial court in the award of alimony and division of property include the earning ability of the parties; their future prospects; ages; health; the duration of the marriage; the source, value, and type of property; and the conduct of the parties. Dowdy v. Dowdy, 473 So.2d 1091 (Ala.Civ.App.1985) (citing Morgan v. Morgan, 402 So.2d 984 (Ala. Civ.App.), cert. denied, 402 So.2d 990 (Ala. 1981)).
The pertinent facts are that the parties had been married for twenty-one years, with two children born of the marriage. The son is sixteen and attends private school, and the daughter is twenty and attends college.
At the time of the divorce, the wife was forty-one years of age and the husband was fifty-one. The husband is an accountant with the state and earns $49,500 annually, while the wife is a typist, earning approximately $14,258 annually. She has returned to work after years of not working outside the home.
In addition to the division of assets and the award of alimony and child support, the husband was ordered to pay for the son’s private school tuition and, if the son attends college, his college tuition, books, and activity fees. He is to provide health insurance coverage for the son while he is a minor or a student and is to keep the son as a beneficiary on his life insurance for the same period of time.
The wife is to provide transportation, school fees, and money for extracurricular activities for the son while he is in private school. She is to provide room and board while he is in- college, with the understanding that the son will probably attend Auburn University at Montgomery and live at home.
The wife was given the use of the marital home while the son is a minor or a student, unless she remarries, and she is responsible for mortgage payments, taxes and insurance, and maintenance and repairs.
Although the wife claims harsh treatment by the husband, including neglect, negative comments, and rudeness in front of others, there was conflicting testimony that the husband aspired to be a good Christian man, husband, and father. Testimony indicates that incompatibility and the breakdown of the marriage occurred from the beginning.
Regarding the wife’s claim of insufficient alimony, the evidence shows that she will have approximately $1,600 per month in net income. Although she lists monthly expenses of $1,800, the husband’s testimony indicates that, based on past expense records, the monthly expenses should be approximately $300 less than those listed by the wife.
Considering the responsibilities placed upon the husband, in addition to child support and alimony, and the trial court’s reservation for review or modification of the *1039 alimony and education provisions of the decree, we cannot conclude that the amount of alimony awarded to the wife was an abuse of discretion or that it was plainly and palpably wrong.
Given the ages of the parties and the testimony as to the breakdown of the marital relationship from its beginning, we do not find the division .of the marital assets to be so inequitable as to be plainly and palpably wrong and an abuse of discretion.
Therefore, this case is due to be affirmed.
The wife has requested an attorney’s fee for representation on appeal. That request is granted in the amount of $500.
AFFIRMED.
INGRAM, P.J., and BRADLEY, Retired Appellate Judge, sitting by special appointment of the court, concur.
ROBERTSON, J., not sitting.