ROBERTSON, Judge.
On April 4, 1989, following a 14-year marriage of which no children were born, the wife, Joan McKinnon, filed for divorce from her husband, Robert J. McKinnon. Following a hearing in which evidence was presented ore tenus, the court divorced the parties and divided their properties. Approximately one month after the court’s entry of the divorce decree, the wife died, and, pursuant to a joint stipulation between the parties, the court substituted Allison Weeks and Jackie Herring, co-executrixes of the wife’s estate, as party plaintiffs.
The husband has appealed from the divorce decree, alleging that the trial court abused its discretion in its division of the marital property.
The law in Alabama is well settled that a property division entered pursuant to divorce decree does not have to be equal, only equitable. Williams v. Williams, 563 So.2d 1037 (Ala.Civ.App.1990). The record reveals that the court was presented evidence concerning the parties’ earning abilities; their future prospects; their respective ages; their health; the length of their marriage; the source, value, and type of property involved; and the parties’ conduct. Such factors are properly considered by a trial court when making a property division pursuant to a divorce decree. Williams.
Likewise, the division of property is a matter committed to the sound discretion of the trial court, and, consequently, we will not reverse absent a showing of plain and palpable error. Williams.
The cases on the division of marital property are legion, and it would serve no useful purpose for us to detail the facts of this particular case. The record contains evidence to support the court’s division, and we are not permitted to substitute our judgment for that of the trial court. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
RUSSELL, J., concurs.
INGRAM, P.J., not sitting.