RUSSELL, Judge.
Following an ore tenus proceeding, the trial court entered a judgment divorcing May Helen Newsome (wife) and Amos M. Newsome (husband), ordering that the husband pay the sums of $919 per month for child support and $500 per month as alimony, and awarding the wife the marital home with its furnishings, a 1975 Ford Torino, and an apartment building and a house located in Dothan, Alabama. The husband was awarded all other personal and real property in his possession or to which he had title or any interest. On the wife’s motion for reconsideration, the trial court awarded her a 1980 green Ford van, instead of the 1975 Ford Torino, and, in addition, stated that she was entitled to receive all rents and deposits on the property previously awarded to her. The husband appeals. We affirm.
We note that, after an ore tenus proceeding, the judgment of the trial court is presumed correct and may be set aside only when it is determined that it is plainly and palpably wrong. Euler v. Euler, 515 So.2d 710 (Ala.Civ.App.1987); Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). Furthermore, regarding the trial court’s discretion in the division of marital property, a presumption of correctness attaches to the award and the trial court will not be reversed absent an abuse of that discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986).
We also note that division of property in a divorce case need not be equal but must be equitable. Scudder v. Scudder, 485 So.2d 743 (Ala.Civ.App.1986). The trial court has the power to effect a just property settlement and adjust the equities between the parties by using any reasonable means. Id.; Hammond v. Hammond, 474 So.2d 1140 (Ala.Civ.App.1985).
The record reveals that the parties were married on November 7, 1975. At the time of the filing of the complaint, the two children born of the marriage were ages ten and twelve. At the time of the divorce decree, the husband and the wife were ages fifty-six and thirty-five respectively.
The husband is retired from the military and receives retirement income, as well as disability, rental, and business income. The wife is not employed and has no present income, although she has held several jobs for short periods during the marriage.
Testimony indicates that the children are frightened of the husband and that he has been abusive to the wife and the children during the marriage. Additionally, he has kept complete control over finances and the spending and purchasing by the wife. The wife also indicated that, although she had hoped to complete her education during the marriage, the husband would not send her to school. .
In his appeal, the husband first contends that the trial court erred by awarding child support which, he claims, greatly exceeded the Child Support Guidelines, Rule 32, Alabama Rules of Judicial Administration (A.R.J.A.), in that the trial court must have considered the rental income from the properties which the trial court awarded to the wife as part of his income.
However, after a close examination of the record, we find evidence to support the trial court’s decision. The evidence as to various rental income, dividend income, disability income, and retirement income, when added together, indicates that the trial court did not abuse its discretion in determining the amount of child support to be paid by the husband and that the *597 amount granted is not disproportionate with the Child Support Guidelines. Additionally, we note that the guidelines were not mandatory at the time this action was filed, on January 25, 1989; therefore, the use of the guidelines was within the discretion of the trial court.
The husband next contends that the trial court erred by awarding the wife all of the property acquired during the marriage.
However, the record reveals that, in addition to the property awarded to the wife, the husband has an interest in some eighteen additional pieces of property, a business, and a large amount of equipment and other personal property. Therefore, we find that the trial court did not abuse its discretion in its division of the property. We further find that the trial court used reasonable means to effect a just settlement and to adjust the equities between the parties. Scudder, 485 So.2d 743. The trial court also could have considered the conduct of the parties in the division of the property. Williams v. Williams, 563 So.2d 1037 (Ala.Civ.App.1990). Therefore, we find no reversible error in this aspect of the case.
This case is due to be affirmed.
The wife has requested an attorney’s fee for representation on appeal. A fee of $500 is hereby granted.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J„ concur.